## STATE v. HANNI.

No. 6772.   Decided February 21, 1945.   (156 P. 2d 404.)

See 24 C. J. S. Criminal Law, Sec. 1962. Validity and construction of statute enhancing penalty for subsequent offense, note, 116 A. L. R. 209. See, also, 25 Am. Jur., 269.

*R. Vern McCullough,* of Salt Lake City, for appellant.
*Grover A. Giles,* Atty. Gen., for respondent.

McDONOUGH, Justice.

Defendant was convicted of the crime of robbery and of being an habitual criminal. He was sentenced to a term of not less than 15 years in the State prison as provided by Sec. 103-1-18, U. C. A. 1943, and commitment issued in accordance with said sentence.

The information by which defendant was charged, after alleging the commission of the robbery, specified that theretofore on designated dates the defendant had been twice convicted of and had been committed to prison for felony, viz., the crime of burglary in the second degree and the crime of robbery. The defendant pled not guilty and the case was tried to the court. Defendant in open court stipulated that he had participated in the charged robbery, giving the details of the commission of that crime, and he admitted that he had been theretofore convicted of the crime of burglary in the second degree and of robbery as charged in the information. It was further stipulated that he had served 15 months in the State prison on the burglary charge and five years on the robbery charge.

Appellant's assignments of error are to the effect that the information does not allege sufficient facts to charge that defendant is an habitual criminal and that the facts admitted and found by the court do not support the judgment finding that he is.

His contention must be sustained. In the case of *State* v. *Walsh*, 106 Utah 22, 144 P. 2d 757, we held that under Sec. 103-1-18, U. C. A. 1943, providing that one who has been twice sentenced for "not less than three years" shall, upon conviction of a subsequent felony com- ▮2 ▮ in this state, be deemed an habitual criminal and be sentenced to not less than 15 years; the quoted words describe only crimes punishable by a minimum term of three years, and hence do not include an indeterminate term of from one to ten years. Burglary in the second degree is punishable by an indeterminate term of "not less than one year nor more than twenty years." Sec.

103-9-4, U. C. A. 1943. Such conviction, therefore, may not be made the basis of a charge of habitual criminality. Since only one prior conviction of and commitment for a crime carrying a penalty of more than three years within the meaning of the Habitual Criminal Act was alleged and proved, the finding that defendant is an habitual criminal must be set aside.

The appellant admits the validity of his conviction of the crime of robbery, as he must in view of his admissions, and he seeks not a new trial but a modification of the sentence and of the commitment under which he is serving his sentence. To this he is entitled, since he has raised the question on appeal. The case is therefore remanded to the district court with instructions to set aside the finding to the effect that appellant is an habitual criminal, and to modify the sentence heretofore pronounced and to amend the commitment so that each will conform to a sentence and commitment for robbery as provided by statute.

LARSON, C. J., and WADE, TURNER, and WOLFE, JJ., concur.