381 P.2d 721

Jack·ZEIMER, Plaintiff and Appellant,

v.

John W. TURNER, Warden Utah State
Prison, Defendant and Respondent.

No. 9806.

Supreme Court of Utah.

May 2, 1963.

Jack Zeimer, pro se.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Petitioner appeals from an order of the lower court denying his petition for a writ of habeas corpus in which he alleged that his conviction and commitment as an habitual criminal was illegal.

The petitioner was tried upon an information containing two counts, (1) second degree burglary and (2) being an habitual criminal. He was convicted of both counts and sentenced as an habitual criminal to serve a term in the Utah State Prison of not less than 15 years.

Two prior convictions were set forth in the second count of the information: (1) carnal knowledge in Weber County, Utah, for which, on February 14, 1949, petitioner was sentenced and committed to the Utah State Prison for a term of 18 months, and (2) burglary in the second degree in Bannock County, Idaho, for which, on March 13, 1955, he was sentenced and committed to the Idaho State Penitentiary for an indeterminate term not to exceed 15 years.

Prior to 1951, and at the time of the conviction for carnal knowledge, our habitual criminal statute read as follows: [1]

"Whoever has been previously twice convicted of crime, sentenced and committed to prison, in this or any other state, *for terms of not less than three years each,* shall, upon conviction of a felony committed in this state, other than murder in the first or second degree, be deemed to be an habitual criminal, and shall be punished by imprisonment in the state prison for not less than fifteen years; * * *." (Emphasis added.)

However, by Chapter 77, Section 1, Laws of Utah 1951, the legislature amended the foregoing statute and it now reads as follows: [2]

"Whoever has been previously twice convicted of *felonies,* sentenced and committed to any prison, shall, upon conviction of a felony committed in this state, other than murder in the first or second degree, be deemed to be an habitual criminal, and shall be punished by imprisonment in the state prison for not less than fifteen years; * *." (Emphasis added.)

Our carnal knowledge statute is the same today as it was at the time of petitioner's conviction. It reads: [3]

"Any person who carnally and unlawfully knows any female over the age of thirteen years and under the age

---

1. 108–1–18, U.C.A.1943.
2. 76–1–18, U.C.A.1953.

3. 76–53–19, U.C.A.1953.

of eighteen years is guilty of a *felony.*" (Emphasis added.)

It is the contention of the petitioner that inasmuch as his conviction for carnal knowledge in 1949 could not be considered in determining his status as an habitual criminal under the then existing statute, because the term of imprisonment imposed was for less than three years, it cannot now be considered under the statute as amended in 1951.

In support of this contention, petitioner cites several decisions of this court.[4] These cases all involved situations which arose prior to the 1951 amendment of the habitual criminal statute. They held that an indeterminate sentence, having a minimum term of less than three years, could not be considered in determining whether the accused was an habitual criminal. These cases, with which we have no quarrel, are not helpful in resolving the issue presented in the instant case.

Petitioner argues, however, that the carnal knowledge conviction cannot be considered as a basis for the present sentence as an habitual criminal since that crime was of the grade or degree of offense to which the pre-1951 habitual criminal statute did not apply. This argument is untenable. The carnal knowledge criminal statute has not been changed. It carries the same penalty today as it did at the time of defendant's conviction. It has always been designated as a felony, and its grade or degree as an offense has not been altered. It is the habitual criminal statute that has been changed to now include all felony convictions without regard to the prison term imposed.

Being an habitual criminal is a status, and to be charged with being an habitual criminal is not to be charged with a crime.[5] The habitual criminal statute will apply only upon a conviction of the criminal offense last charged. Its invocation does not inflict additional or further punishment for the prior convictions or impose a new punishment therefor. It only serves to make more severe the punishment for the last or subsequent offense which might be imposed because of the previous convictions.[6]

Our habitual criminal statute does not require that the prior convictions of an accused be subsequent to its enactment or amendments thereto. It has been generally held that a state may enact such statutes that would consider and apply convictions occurring prior to their enactment.[7] The same reasoning resorted to in these cases would apply to the instant situation. If the

4. State v. Walsh, 106 Utah 22, 144 P. 2d 757; State v. Russum, 107 Utah 94, 152 P.2d 88; State v. Hanni, 108 Utah 49, 156 P.2d 404.

5. State v. Wood, 2 Utah 2d 34, 268 P.2d 998.

6. 24 B C.J.S. Criminal Law § 1958.

7. 116 A.L.R. 209.

legislature had, in 1951, first adopted the habitual criminal statute as it now reads, petitioner's conviction of carnal knowledge in 1949 could have been considered. The fact that it could not have been considered under the statute as it then existed does not rule it out under the present statute. He is charged in the instant case with having been previously twice convicted of a felony. Carnal knowledge was then, and is now, a felony.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.