23271

The STATE, Respondent v. Neville McLean EDWARDS, Appellant.

(397 S.E. (2d) 88)

Supreme Court

*Dana R. Krajack*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Submitted June 22, 1990.

Decided Oct. 8, 1990.

*Per Curiam:*

Appellant was convicted of driving under the influence (DUI), second offense. He contends that the trial court erred in sentencing him as a second offender under S.C. Code Ann. § 56-5-2940 (Supp. 1989). We disagree and affirm.

Appellant committed the current offense on February 3, 1989, and was convicted on August 10, 1989. His prior DUI offense occurred in 1982, and he was convicted for that offense in February 1983. The 1988 amendment to § 56-5-2940, effective January 1, 1989, extended from 5 to 10 years the time period in which prior DUI convictions may be considered in determining the penalty for a subsequent DUI conviction.

Appellant argues that the legislature did not intend for the 1988 amendment to apply "retroactively" to allow consideration of his 1983 conviction. However, the clear and unambiguous language of the amendment indicates that the new 10 year period is to be used in determining the degree of any DUI committed on or after January 1, 1989. Therefore, appellant's argument is without merit. *See State v. Salmon*, 279 S.C. 344, 306 S.E. (2d) 620 (1983) (Where terms

of statute are clear and unambiguous, they must be applied according to their literal meaning).

Appellant also argues that the 1988 amendment to § 56-5-2940 violates the *ex post facto* clause of the United States and South Carolina Constitutions. This argument is also without merit. *See State v. Dabney*, 391 S.E. (2d) 563 (S.C. 1990).

Finally, appellant contends that it violates due process to apply the 1988 amendment to his case. He argues that at the time of his 1983 conviction, he had no notice that that conviction could be considered in determining punishment for a subsequent offense for 10 years beyond that conviction.

A criminal conviction violates due process if, at the time of the conduct *which forms the basis of the conviction,* the defendant did not have fair notice that the conduct was criminal. *Bouie v. City of Columbia,* 378 U.S. 347, 84 S. Ct. 1697, 12 L. Ed. (2d) 894 (1964). The inquiry is not whether appellant had notice of the 1988 amendment at the time of his 1983 conviction, but whether he had fair notice of the amendment when he committed the current offense on February 3, 1989. Because the current offense took place after the effective date of the amendment, appellant clearly had notice that his 1983 conviction would be considered in determining his punishment for the current offense. Therefore, appellant's due process rights have not been violated. Accordingly, the ruling of the trial court is

Affirmed.