Argued and submitted May 22, reversed and remanded for further
proceedings July 16, 1997

In the Matter of the Marriage of

Kathie Lee CLIFTON,
*Appellant,*
*and*

Richard Bryan CLIFTON,
*Respondent.*

(92-11-135; CA A94033)

942 P2d 827

John Bassett argued the cause and filed the brief for appellant.

Sarah Geary Ottem argued the cause for respondent. With her on the brief were Raymond P. Young, Gevurtz, Menashe, Larson, Yates & Howe, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Mother appeals from an order modifying the custody and child support provisions of a dissolution judgment. The parties were married in 1981 and divorced in 1993. Under the stipulated provisions of the dissolution judgment, the parties had joint custody of their two children and father paid $200 per month in child support. In the present proceeding, mother moved to terminate joint custody and sought child support in accordance with the Oregon Uniform Child Support Guidelines, based on father's income of approximately $10,000 per month. The trial court modified the dissolution judgment to grant mother sole custody of the two children, modified the visitation schedule, and calculated child support under the guidelines. The only issue on appeal is whether the trial court erred in calculating the child support based on the shared custody provisions of the guidelines. Our review is *de novo*. We agree with mother that the trial court erred in calculating child support and thus remand for recalculation of child support.

OAR 137-50-450 provides for child support where the parents share physical custody.[1]

---

[1] "Shared physical custody is defined as a situation when by agreement of the parents in writing or by court order one parent has physical custody not more than 65 percent of the time and the other parent has physical custody not less than 35 percent of the time. When the parents are sharing physical custody as defined in this section, the amount of support to be paid shall be calculated as provided in sections (1) through (14) of this rule.

"(1) Determine combined adjusted gross income.

"(2) Determine basic child support from the scale set down in OAR 137-50-490.

"(3) Multiply the basic child support amount by 1.50.

"(4) Determine the percentage of overnights the child will be in the physical custody of each parent.

"(5) Pro rate the basic child support amount for each parent by multiplying the support amount determined in section (2) of this rule, by the percentage of time the child will be in that parent's custody.

"(6) Determine: the total out of pocket expenses paid by each parent for health insurance; the total paid by each parent for child care as defined in OAR 137-50-420; and the total paid by each parent for any recurring medical costs as defined in OAR 137-50-430.

"(7) Add the total costs/expenses paid by each parent determined in section (6) of this rule to the pro rated child support amount determined in section (5) of this rule for that parent.

■ Mother contends that the trial court erred in following the provisions of OAR 137-50-450 because, under the custody arrangements, father does not have physical custody of the children 35 percent of the time.[2] We agree.

The record shows that father will have physical custody of the children three days and nights out of every two weeks, half of their summer vacation, and on certain holidays. Based on this evidence, it appears that father will have physical custody of the children for overnight visits about 30 percent of the time. The trial court based its child support calculations on a finding that father would have physical custody of the children "about" 40 percent of the time, although the court acknowledged that it had not actually calculated the number of nights the children would spend with each parent. The record does not support the court's finding.[3]

■ Father argues on appeal that the trial court was not required to base its conclusion as to father's percentage of physical custody on an exact mathematical calculation, arguing that the trial court may have factored in time that father

---

"(8) Determine each parent's percentage contribution to combined adjusted gross income. To calculate this percentage, divide each parent's adjusted gross income by combined adjusted gross income.

"(9) Multiply the income percentage determined in section (8) of this rule and allocated to each parent by the total support and costs/expenses amount calculated in section (7) of this rule and assigned to the other parent. The result of this calculation is two support amounts, each amount reflecting an amount owed by one parent to the other.

"(10) The court or administrator may, but need not, set out the obligations obtained in section (9) of this rule by subtracting the smaller obligation from the larger, and require the parent with the larger obligation to pay the difference between the two amounts.

"(11) Please note that when calculating shared custody, OAR 137-50-470 ($50 minimum) does not apply.

"(12) If the parent who is to pay support has physical custody less than 35 percent of the time, a credit may be given against the parent's support obligation upon a showing that the parent has physical custody more than 25 percent of the total overnights and that the parent's direct contribution to the support of the child significantly reduces the cost of support to the other parent."

[2] Application of OAR 137-50-460 (split custody) would result in an increase of father's support obligation.

[3] The exhibits and trial court file have been lost, apparently permanently. However, the transcript and the judgment provide sufficient information as to how often father will have the children. ORS 19.108 allows the appeal to proceed under these circumstances.

would spend with the children outside the times established by the custody provisions of the judgment as modified. Alternatively, father argues that the 35 percent figure should not be based solely on the number of nights that a parent has physical custody, and that adding in day visits would allow the court to arrive at a 35 percent figure. We reject each of those arguments. In a case such as this where a mathematical calculation is easy to undertake, we are unable to uphold a trial court's application of the shared custody guidelines based on its erroneous conclusion that father has physical custody 40 percent of the time. We also have rejected the argument that shared custody calculations should not be based solely on overnight visits. *Southwell and Spettel*, 119 Or App 366, 370, 851 P2d 599 (1993) (interpreting OAR 137-50-450 to require that shared custody calculations be based on percentage of overnight visits).

In sum, we agree with mother that the trial court erred in determining child support based on the shared custody guidelines by assuming that father would have physical custody of the children 40 percent of the time.

As father points out, however, OAR 137-50-450(12) allows a trial court to modify the support obligation "upon a showing that the parent has physical custody more than 25 percent of the total overnights and that the parent's direct contribution to the support of the child significantly reduces the cost of support to the other parent." Father has physical custody of the children more than 25 percent of the total overnights. The trial court mentioned OAR 137-50-450(12) in passing but did not appear to rely on that rule for its calculation of father's support obligation.[4] Thus, we remand the case to the trial court to determine whether OAR 137-50-450(12) should be applied in determining father's support obligation.

Reversed and remanded for further proceedings consistent with this opinion. Costs to mother.

---

[4] We need not decide here whether a correct application of OAR 137-50-450(12), on this record, would result in circumstances that would justify any modification of child support.