2003 UT App 381

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jerry Lynn MARSHALL, Defendant and Appellant.**

No. 20020829–CA.

Court of Appeals of Utah.

Nov. 14, 2003.

Margret Sidwell Taylor, Helper, and W. Andrew McCullough, McCullough & Assoc., Midvale, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., BENCH and ORME, JJ.

## OPINION

ORME, Judge:

¶1 Defendant was charged with felony DUI based on enhancement due to two prior DUI convictions. Defendant filed a motion to dismiss the felony DUI charge, arguing that the enhancement provision in the DUI statute was unconstitutional as applied to him because it violates the prohibition against ex post facto laws. The trial court denied his motion. Defendant appeals, and we affirm.

## BACKGROUND

¶2 The parties stipulated to the facts governing this appeal. On April 26, 2002, Defendant purchased a twelve-pack of beer at BK's convenience store in Huntington, Utah. The transaction was witnessed by another customer, Sergeant Gayle Jensen of the Emery County Sheriff's Department, who noticed that Defendant appeared to be intoxicated. Sergeant Jensen told Defendant not to drive and suggested that he call a friend to pick him up. The Defendant placed a phone

call, and Sergeant Jensen left. Soon after, however, Sergeant Jensen decided to return to BK's to ensure that Defendant did not drive. Upon his return to BK's, Sergeant Jensen observed Defendant drive away. Sergeant Jensen stopped Defendant, conducted field sobriety tests, and concluded that Defendant was intoxicated. Defendant was arrested and given an intoxilyzer test, which showed a blood alcohol concentration of .25, more than three times the legal limit in Utah. *See* Utah Code Ann. § 41–6–44(2)(a)(i) (Supp.2003). An open container of alcohol was also found in Defendant's vehicle.

¶ 3 Defendant was charged by information with driving under the influence of alcohol and having an open alcoholic beverage container in a motor vehicle. Because two or more of Defendant's nine prior DUI convictions fell within ten years of his April 2002 arrest, Defendant's DUI charge was enhanced from a class B misdemeanor to a third degree felony pursuant to the 2001 amendment to the DUI statute. *See* Utah Code Ann. § 41–6–44(3)(a)(i), (6)(a)(i) (Supp. 2002). Pursuant to that amendment, effective April 30, 2001, a DUI conviction is a third degree felony if it occurs "within ten years of two or more prior [DUI] convictions." *Id.* § 41–6–44(6)(a)(i). Prior to the 2001 amendment, the felony enhancement provision applied to a third conviction within *six* years. *See id.* § 41–6–44(6)(a) (Supp. 1999).

¶ 4 Defendant filed a motion to dismiss the felony DUI charge. First, Defendant argued that enhancement of the offense violated his due process rights because in 1995 and 1998, when his prior DUI convictions were entered, he was not given "notice of the consequences of any future violation" and "could not have ... foreseen that in the year 2001 the Utah State Legislature would pass a law by which his [prior] convictions would be used to enhance th[e current DUI] charge to a third degree felony." Second, Defendant argued that the 2001 amendment could not be applied retroactively; thus, any offense

committed prior to its enactment could not be used against him for enhancement purposes as that would violate the constitutional prohibition against ex post facto laws.

¶ 5 The trial court rejected Defendant's ex post facto argument, concluding that "[t]he 2001 amendment does not affect the status of the previous offenses or convictions and does not increase their severity or penalty." Rather, the court held, the 2001 amendment merely "gives a more severe penalty [for the present offense] because of the prior convictions."

¶ 6 As for Defendant's due process argument, the trial court noted that Defendant had nearly one year's notice that the enhancement provision had been amended. Thus, Defendant was on notice as of April 30, 2001, the effective date of the 2001 amendment,[1] "that if he committed a DUI after that date, his charge could be enhanced by any DUI convictions within a[ten] year period prior to the latest offense." Thus, the trial court concluded that application of the 2001 amendment to his 2002 offense did not violate Defendant's rights on either ex post facto or due process grounds and denied Defendant's motion to dismiss.

¶ 7 With the trial court's approval, Defendant thereafter entered a conditional plea of no contest, reserving his right to appeal the trial court's denial of his motion to dismiss the third degree felony DUI charge. *See generally State v. Sery*, 758 P.2d 935, 938–39 (Utah Ct.App.1988). In exchange for his no contest plea, the State dropped the open container charge.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 8 We must determine whether the trial court properly denied Defendant's motion to dismiss on the basis that the 2001 amendment to the DUI statute violates neither the due process nor ex post facto provi-

---

1. The trial court mistakenly noted, as does the State on appeal, that the effective date of the 2001 amendment was July 1, 2001; however, the amendment actually went into effect April 30, 2001. *See* Utah Motor Vehicle Act, ch. 289, § 41–6–44(6)(a), 2001 Utah Laws 1349, 1350; amendment notes, Utah Code Ann. § 41–6–44 (Supp.2003). Because Defendant's DUI arrest occurred on April 26, 2002, Defendant had nearly one year's notice of the 2001 amendment.

sions of the United States Constitution.[2] "[T]he propriety of a trial court's decision to grant or deny a motion to dismiss is a question of law that we review for correctness." *Tiede v. State,* 915 P.2d 500, 502 (Utah 1996). "[W]hether legislation violates the ex post facto clause[ ] of the ... United States Constitution[ ] is also a question of law, which we review for correctness, giving the trial court no deference." *State v. Daniels,* 2002 UT 2,¶ 37, 40 P.3d 611. Likewise, "constitutional arguments regarding ... due process present questions of law" that we review for correctness. *State v. One 1980 Cadillac,* 2001 UT 26,¶ 8, 21 P.3d 212. *Accord State v. Frausto,* 2002 UT App 259,¶ 14, 53 P.3d 486, *cert. denied,* 63 P.3d 104 (Utah 2002).

## ANALYSIS

■ ¶ 9 Defendant renews his ex post facto and due process arguments on appeal, i.e., Defendant argues that enhancement of his current DUI offense based on his prior DUI convictions violated his rights under the ex post facto and due process clauses of the United States Constitution. We now consider each of Defendant's arguments.

### I. Ex Post Facto

¶ 10 "Article I, § 10, of the Constitution prohibits the States from passing any 'ex post facto Law.' " *California Dep't of Corr. v. Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995). The United States Supreme Court has consistently identified four types of criminal laws that fall within the ex post facto prohibition:

"1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action.

2d. Every law that *aggravates a crime,* or makes it *greater* than it was, when committed.

3d. Every law that *changes the punishment,* and inflicts a *greater punishment,*

than the law annexed to the crime, when committed.

4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender.*"

*Carmell v. Texas,* 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000) (quoting *Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798)) (emphasis in original). *Accord State v. Daniels,* 2002 UT 2,¶ 44, 40 P.3d 611. The first and fourth categories are inapplicable here. Therefore, with a view to the second and third categories, we must decide whether the 2001 amendment to the DUI law retroactively " 'aggravates' " Defendant's prior DUI crimes or " 'inflicts a greater punishment' " than that attached to the crimes when they were committed. *Id.* (citation and emphasis omitted). We therefore turn our attention to our statutory DUI scheme and the 2001 amendment in particular.

¶ 11 As stated above, two of Defendant's nine prior DUIs were used to enhance his tenth and current DUI offense to a third degree felony. The two prior DUI convictions relevant to this appeal occurred in December 1995 and September 1998. Our DUI statute has been amended numerous times over the years, reflecting society's increased intolerance for repeat DUI offenders. For example, at the time of Defendant's 1995 offense, a *fourth* DUI conviction was a third degree felony if committed within six years of the prior violations and if those violations occurred after April 23, 1990. *See* Utah Code Ann. § 41–6–44(7)(a) (1993). At the time of Defendant's 1998 offense, however, a *third* DUI conviction was a third degree felony if committed within six years of the prior violations and if those violations occurred after July 1, 1996. *See* Utah Code Ann. § 41–6–44(6)(a) (1998).

¶ 12 In 1999, the Legislature deleted the date restriction contained in previous versions of the statute; therefore, a third DUI

---

**2.** As we " 'recognize[ ] no distinction between the protection against ex post laws provided by the Utah and the United States Constitutions,' " *State v. Daniels,* 2002 UT 2,¶ 42, 40 P.3d 611 (citations omitted in original), and as Defen-

dant "has not adequately set forth any separate legal analysis" under the due process provisions of the Utah Constitution, *State v. Davis,* 972 P.2d 388, 392 (Utah 1998), we do not separately analyze Defendant's state constitutional claims.

conviction was a third degree felony if committed within six years of the prior violations, regardless of when those violations occurred. *See* Utah Code Ann. § 41–6–44(6)(a) (Supp. 1999). Finally, in 2001, the Legislature amended the statute again, lengthening the time frame in which prior DUIs could be used for enhancement purposes from six to ten years. *See* Utah Code Ann. § 41–6–44(6)(a) (Supp.2001). Thus, under the 2001 version of the statute—the version under which Defendant was most recently convicted—a third DUI conviction is a third degree felony if committed within ten years of two prior DUI convictions, regardless of when those prior convictions occurred. *See id.*

¶ 13 Defendant argues that the 2001 amendment, as applied to him, constitutes a violation of the constitutional prohibition against ex post facto laws because it takes into account offenses committed before its enactment for purposes of enhancement. As a way of avoiding the felony enhancement provision of the 2001 statute, Defendant urges us to graft the cut-off date of the 1998 version of the statute onto the current version. Thus, under Defendant's view, the 2001 DUI statute should be read to allow felony enhancement only if Defendant was convicted of a third DUI within ten years of the prior DUIs, and *only if those DUIs occurred after July 1, 1996.*[3] *But see* Utah Code Ann. § 41–6–44(6)(a)(i) (Supp.2001) (containing no cut-off date and stating simply "[a DUI] conviction … is a third degree felony if it is committed … within ten years of two or more prior convictions under this section"). Of course, using the July 1, 1996 cut-off date would mean that Defendant's December 1995 DUI conviction could not be used to enhance his current DUI offense, for which he was convicted on October 1, 2002. We decline to adopt Defendant's peculiar interpretation of the 2001 statute, however, because we find no constitutional infirmity under the ex post facto clause of the United States Constitution.

¶ 14 The United States Supreme Court has consistently upheld the constitutionality of recidivist statutes, explaining that "[a]n enhanced sentence imposed on a persistent offender … 'is not to be viewed as [an] additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' " *Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998) (quoting *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948)). *See also Nichols v. United States,* 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994) ("Enhancement statutes, whether in the nature of criminal history provisions … or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction…. '[T]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.' ") (citation omitted); *Parke v. Raley,* 506 U.S. 20, 26–27, 113 S.Ct. 517, 521–22, 121 L.Ed.2d 391 (1992) (noting that "[s]tatutes that punish recidivists more severely than first offenders have a long tradition in this country that dates back to colonial times"; "[s]uch laws currently are in effect in all 50 States"; "[s]tates have a valid interest in deterring and segregating habitual criminals"; and "we have repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities' ") (quoting *Spencer v. Texas,* 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967)) (other citations omitted).[4]

---

3. This position is inherently inconsistent with Defendant's general argument, which is that the 2001 amendment is an ex post facto law because it takes into account offenses committed before its enactment for purposes of enhancement. If, as Defendant suggests, a statute is rendered constitutionally infirm if it "looks back" to offenses committed before its enactment, such infirmity would not be cured by looking back only six years instead of ten.

4. Some of the United States Supreme Court cases we cite here are not necessarily pristine ex post facto cases, but they nevertheless apply by analogy. *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), for example, was a double jeopardy case, but its reasoning is applicable here, where Defendant argues that the 2001 amendment operates to punish him (again) for conduct that occurred before its enactment. *See Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140,

¶ 15 While Utah appellate courts have not had occasion to rule on the constitutionality of the 2001 amendment to the DUI statute in the face of an ex post facto challenge,[5] the Utah Supreme Court has upheld recidivist statutes under analogous circumstances. One such case is particularly instructive. In *Zeimer v. Turner*, 14 Utah 2d 232, 381 P.2d 721 (1963), the defendant challenged his conviction as a habitual criminal, stemming from violations occurring in 1949 and 1955. *See id.* at 722. Like Utah's DUI statute, the habitual criminal statute had been amended to allow for stiffer penalties for recidivists. *See id.* at 722–23. Under the 1950 version of the statute, the defendant's 1949 offense could not be considered in determining his status as a habitual criminal, but under the 1951 version, it could. *See id.* The defendant argued that his conviction under the 1951 version of the statute was illegal, as it took into account an offense that occurred before its enactment. *See id.* at 723. The Utah Supreme Court rejected this argument, explaining that

[t]he habitual criminal statute will apply only upon a conviction of the criminal offense last charged. Its invocation does not inflict additional or further punishment for the prior convictions or impose a new punishment therefor. It only serves to make more severe the punishment for the last or subsequent offense which might be imposed because of the previous convictions.

Our habitual criminal statute does not require that the prior convictions of an accused be subsequent to its enactment or amendments thereto. It has been generally held that a state may enact such statutes that would consider and apply convictions occurring prior to their enactment.

*Id.* at 723–24 (citations omitted). *Cf. State v. Coleman*, 540 P.2d 953, 953–54 (Utah 1975) (holding that defendant, who was "convicted of assault with a deadly weapon in the year 1969," could lawfully be charged with "possession of a dangerous weapon by a convicted person" because the latter offense occurred

---

1149, 155 L.Ed.2d 164 (2003) (noting relationship between ex post facto and double jeopardy jurisprudence).

**5.** Numerous other jurisdictions have rejected ex post facto challenges to enhancement statutes that take into account prior DUI convictions. *See State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097, 1099 (Ct.App.1984) (citing cases from other jurisdictions and stating that "[e]nhanced punishment statutes for repeat offenders have been consistently upheld against arguments that they violate *ex post facto* proscriptions" and holding that, in the case before it, "[t]he punishment imposed under [the Arizona DWI recidivist statute] is based on the third DWI [and] does not increase the penalty for the [two] prior convictions"), *approved en banc by* 142 Ariz. 91, 688 P.2d 983 (1984); *Roberts v. State*, 494 A.2d 156, 157 (Del.1985) (holding that "the mandatory sentencing provision of the statute is not an *ex post facto* law as it applies to this defendant, since the enhanced punishment could be invoked only after a second offense, and, in this case, the second offense took place after the statute had been amended"); *Botkin v. Commonwealth*, 890 S.W.2d 292, 295 (Ky.1994) (rejecting defendants' ex post facto challenge and holding, "[h]ere the offenders are not being punished for crimes committed prior to the effective date of the [enhancement] statute, but for a crime committed thereafter, albeit they received a greater punishment by reason of their status as prior offenders for other driving under the influence offenses"); *Bailey v. State*, 728 So.2d 1070, 1074 (Miss.1997) (uphold-

ing enhancement statute and stating: "The statute regarding third-offense DUI charges has not been changed such that [defendant] would be receiving a stronger punishment than that enumerated in the statute at the time [defendant] committed his third DUI[;] ... therefore, the *ex post facto* analysis is inapplicable."); *State v. Brander*, 280 Mont. 148, 930 P.2d 31, 35 (1996) (rejecting defendant's ex post facto challenge and stating that "the increase in punishment at issue here is a consequence of [defendant's] present offense only and this enhancement neither punishes any previous conduct nor increases the penalty for any prior conviction of DUI[; rather,] the enhancement of [defendant's] present DUI to felony status is nothing more nor less than current punishment for his repetitive drunk driving offense"); *State v. Hansen*, 258 Neb. 752, 605 N.W.2d 461, 464 (2000) (upholding enhancement statute and stating: "In the instant case, [defendant] is not receiving additional punishment for his previous convictions, but he is being penalized under the newly amended statutory scheme for persisting in committing the offense of DUI."); *State v. Edwards*, 302 S.C. 492, 397 S.E.2d 88, 89 (1990) (rejecting defendant's argument "that the legislature did not intend for the 1988 amendment to apply 'retroactively' to allow consideration of his 1983 conviction [in determining the degree of his current DUI offense]" because "the clear and unambiguous language of the amendment indicates that the new 10 year period is to be used in determining the degree of any DUI committed on or after January 1, 1989").

after the applicable statute was enacted in 1973, and because "[t]he statute ... only has prospective application and in no way affects the 1969 conviction").

¶ 16 In the instant case, the 2001 amendment does not retroactively " 'aggravate[ ]' " the crimes of Defendant's 1995 and 1998 DUIs, nor does it " 'inflict[ ] a greater punishment' " than that attached to those crimes when they were committed. *Carmell v. Texas*, 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000) (quoting *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798)) (emphasis omitted). *Accord State v. Daniels*, 2002 UT 2, ¶ 44, 40 P.3d 611. The 2001 amendment went into effect April 30, 2001, *see* supra note 1, and Defendant committed the current DUI offense on April 26, 2002. Defendant's current conviction punishes him only for the April 2002 offense, albeit more seriously than if he would have committed the same offense at an earlier point in time. For these reasons, Defendant's ex post facto challenge is unavailing.[6]

## II. Due Process

¶ 17 We now address the separate but closely related issue of whether application of the 2001 amendment violated Defendant's constitutional right to due process.[7] "Due process requires, at a minimum, adequate and timely notice." *In re McCully*, 942 P.2d 327, 332 (Utah 1997). This means that a criminal statute must be " 'sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.' " *Bouie v. Columbia*, 378 U.S. 347, 351, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964) (quoting *Connally v. General Const. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)).

¶ 18 Defendant, who has managed to garner nine previous DUI convictions, does not argue that, at the time of the instant DUI offense, he was without notice that his conduct was prohibited by law. Indeed, any such argument would be unsuccessful, as it is well-settled that "[i]gnorance ... of [the] law is no defense to a crime." Utah Code Ann. § 76–2–304(2) (1999). Thus, Defendant was deemed to be on notice of the 2001 amendment to the DUI law, and the legal consequences thereof, as of its effective date of April 30, 2001, *see* Utah Motor Vehicle Act, ch. 289, § 41–6–44(6)(a), 2001 Utah Laws 1349, 1350, which was nearly one year before Defendant's current DUI offense, committed on April 26, 2002.

¶ 19 Instead, Defendant maintains that, at the time of his 1995 and 1998 convictions, he was constitutionally entitled to "specific notice" that those convictions could later be used to enhance a subsequent DUI offense to a third degree felony. The United States Supreme Court responded to a similar argument in *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In *Nichols*, the defendant argued that "at a minimum, due process requires a misdemeanor defendant to be warned that his conviction might be used for enhancement purposes should the defendant later be convicted of another crime." *Id.* at 748, 114 S.Ct. at 1928. The Court disagreed, stating:

No such requirement was suggested in *Scott [v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)], and we believe with good reason. In the first place, a large number of misdemeanor convictions take place in police or justice courts which are not courts of record. Without a drastic change in the procedures of these courts, there would be no way to memorialize any such warning. Nor is it at all clear exactly how expansive the warning would have to be; would a Georgia court

---

6. We reject Defendant's argument under Utah Code Ann. § 68–3–3 (2000) for the same reasons. Section 68–3–3 states: "No part of these revised statutes is retroactive, unless expressly so declared." The 2001 amendment does not operate retroactively; therefore, it comports with section 68–3–3.

7. A violation of the prohibition against ex post facto laws necessarily implicates due process concerns, as an individual is deprived of "fair notice ... when the legislature increases punishment beyond what was proscribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981). We have already determined that the 2001 amendment is not an ex post facto law. In this section, then, we treat Defendant's due process claim only insofar as it is advanced on a footing independent of his ex post facto argument.

have to warn the defendant about permutations and commutations of recidivist statutes in 49 other States, as well as the criminal history provision of the Sentencing Guidelines applicable in federal courts? And a warning at the completely general level—that if he is brought back into court on another criminal charge, a defendant such as Nichols will be treated more harshly—would merely tell him what he must surely already know.[8]

*Id.* Defendant cites rule 9–301 of the Utah Code of Judicial Administration to support his due process argument. Rule 9–301 applies to "justice courts in those cases where the defendant may be subject to an enhanced penalty if convicted of the same offense in the future." Utah Code Jud. Admin. R9–301. In such cases, the rule states that, "upon the entry of a plea of guilty, the justice court judge shall [a]dvise the defendant, orally and in writing of the defendant's rights, the elements of the charged offense, the penalties

for the charged offense, and the enhancement penalty which may be imposed in the event the defendant is convicted of the same offense in the future." Utah Code Jud. Admin. R.9–301(2)–(2)(A).

¶ 20 It is unclear, first of all, whether rule 9–301 applies outside of the context of determining the validity of a criminal defendant's guilty plea. Defendant does not state whether or not he pled guilty in connection with the 1995 conviction, but merely alleges that the offense "was prosecuted in the Justice Court as a Class B misdemeanor" and that he was not given "specific notice" of the possibility of third degree felony enhancement for subsequent DUI convictions.

¶ 21 Additionally, Defendant provides no citations to the record to support his argument that he was not advised of the possibility of enhancement at the time of his prior convictions.[9] Defendant instead argues

---

**8.** Many other courts have echoed the Supreme Court's statements in *Nichols*, rejecting the notion that a criminal defendant is constitutionally entitled to specific notice that the instant conviction may later be used for enhancement purposes should the defendant be convicted of a subsequent crime. *See State v. Chapman*, 685 A.2d 423, 425 (Me.1996) (rejecting defendant's argument that her prior DUI convictions could not be considered for purposes of enhancement and holding that "[d]efendant's due process claim fails [because a]fter the effective date of the amendment [to the DUI law], defendant had fair notice that a conviction for operating under the influence would subject her to the currently defined penalty"); *State v. Zoellner*, 920 S.W.2d 132, 135–36 (Mo.Ct.App.1996) (rejecting defendant's due process argument that he " 'had no reason to believe nor did he know that by entering pleas to two [prior DUI charges], that he was "two-thirds of the way" to a felony offense' " and stating that "a trial court is not required to inform a defendant who pleads guilty that the legislature may amend the law in the future"); *State v. Arguello*, 655 N.W.2d 451, 452–53 (S.D. 2002) (per curiam) (rejecting defendant's due process argument that "because he was not informed that [his two prior DUI] convictions could subsequently be used to enhance his [current DUI] sentence they are void for enhancement purposes" and stating that "[a] 'defendant is not entitled, as a constitutional right, . . . to information regarding the future use of his conviction for purposes of enhancement' ") (quoting *Presley v. State*, 498 So.2d 832, 833 (Miss.1986)); *State v. Edwards*, 302 S.C. 492, 397 S.E.2d 88, 89–90 (1990) (rejecting defendant's due process argument and stating: "The inquiry is not

whether appellant had notice of the 1988 amendment at the time of his 1983 conviction, but whether he had fair notice of the amendment when he committed the current offense on February 3, 1989. Because the current offense took place after the effective date of the amendment, appellant clearly had notice that his 1983 conviction would be considered in determining his punishment for the current offense. Therefore, appellant's due process rights have not been violated.").

**9.** Even assuming Defendant did plead guilty to the charges culminating in his prior DUI convictions, it does not follow that those pleas would be invalidated for enhancement purposes based solely on a failure to comply with rule 9–301 of the Utah Code of Judicial Administration. It is well-settled that

> failure to comply with [procedural rules, including] rule 11 [of the Utah Rules of Criminal Procedure] in taking a guilty plea does not in itself amount to a violation of a defendant's rights under either the Utah or the United States Constitution. To [collaterally attack a conviction], a petitioner must show more than a violation of the prophylactic provisions of [a procedural rule]; he or she must show that the guilty plea was in fact not knowing and voluntary.

*Salazar v. Warden*, 852 P.2d 988, 992 (Utah 1993). For a plea to be knowing and voluntary, "an accused must be 'fully aware of the *direct* consequences' of a guilty plea." *State v. McFadden*, 884 P.2d 1303, 1304 (Utah Ct.App.1994) (quoting *Brady v. United States*, 397 U.S. 742,

that "[t]he State has not provided written evidence to prove that Defendant was so advised," but it is Defendant's burden, not the State's, to provide citations to the record to support his legal arguments on appeal. *See* Utah R.App. P. 24(a)(9) ("The brief of the appellant shall contain ... citations to the authorities, statutes, and parts of the record relied on.").

¶ 22 Furthermore, the "specific notice" Defendant claims he was entitled to in 1995, i.e., that in the future the Legislature would amend the DUI law so that a third DUI conviction in ten years would be charged as a third degree felony, would have been impossible to give. At most, the justice court can be responsible only for advising Defendant of the possibility of enhancement based on the DUI statute in force at the time of a future conviction, and again, Defendant has provided no evidence showing that he was not so advised.

¶ 23 In any event, Defendant has not shown that he was constitutionally entitled to "specific notice" at the time of his prior DUI convictions that those offenses could be used to enhance his current DUI conviction to a third degree felony. Thus, Defendant's due process argument is unavailing.

## CONCLUSION

¶ 24 The trial court correctly determined that application of the enhancement provision of the 2001 amendment to Defendant's current DUI conviction violates neither the ex post facto nor due process clauses of the United States Constitution.

¶ 25 Affirmed.

¶ 26 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and RUSSELL W. BENCH, Judge.

755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)), *cert. denied,* 892 P.2d 13 (Utah 1995) (emphasis in original). However, " '[i]f the consequence flowing from the plea is "collateral," then the defendant need not be informed of it before entering the plea.' " *Id.* (quoting *Santos v. Kolb,* 880 F.2d 941, 944 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990)). "A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea." *Id.* Courts that have considered the question have held that failure to advise a criminal defendant of the possibility of enhancement should he later be convicted of another crime is a collateral, and not a direct consequence of pleading guilty, and Defendant cites no authority to suggest otherwise. *See, e.g., United States v. Brownlie,* 915 F.2d 527, 528 (9th Cir.1990) ("The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea."); *People v. Marez,* 39 P.3d 1190, 1193–94 (Colo. 2002) ("It is also well-settled that the consequences of subsequent acts by a defendant, even if those consequences are enhanced by an earlier guilty plea, are collateral rather than direct consequences of the earlier plea and therefore are not consequences of which the defendant must have been advised upon entering the earlier plea."); *Ex parte Dumitru,* 850 S.W.2d 243, 244–45 (Tex.App.1993) ("[I]t is well settled that a trial court is not required to admonish a defendant that the consequences of her plea include the possibility that the conviction which ensues from the plea might be used for enhancement purposes in a subsequent trial.").