2005 UT App 241

**STATE of Utah, Plaintiff and Appellee,**

v.

**Edward James SALAZAR, Defendant and Appellant.**

No. 20030732–CA.

Supreme Court of Utah.

May 26, 2005.

Randall W. Richards, Richards, Caine & Allen, Ogden, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeanne B. Inouye, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Defendant Edward James Salazar appeals his conviction, upon a conditional guilty plea, for forcible sodomy, a first degree felony. *See* Utah Code Ann. § 76–5–403 (2003). Salazar argues that the trial court erred in denying his motion to dismiss because the facts of the case establish the victim's consent as a matter of law. We affirm.

## BACKGROUND

¶ 2 At approximately 4:00 a.m. on November 24, 2004, Salazar entered a bedroom in his cousin's home where the victim and her boyfriend, Salazar's cousin, were sleeping. Salazar positioned himself under the victim's blanket and began performing oral sex upon her. The victim awakened and, assuming that the concealed Salazar was in fact her boyfriend, did not resist or demand that Salazar stop. At some point, however, the victim discovered that Salazar was not her boyfriend and pushed him off the bed. He made no further sexual advances towards her and fled from the home shortly thereafter.

¶ 3 The victim reported the incident to the police, who arrested Salazar. Salazar was charged by information with forcible sodomy in violation of Utah Code section 76–5–403, a crime that requires the lack of the victim's consent. *See* Utah Code Ann. § 76–5–403(2) (2003). Salazar filed a motion to dismiss, arguing that lack of consent is defined in Utah Code section 76–5–406 and that his conduct did not meet the statutory definition. *See id.* § 76–5–406 (2003). The trial court denied Salazar's motion. Thereafter, Salazar entered a conditional guilty plea, and the trial court sentenced him to an indeterminate prison term of five years to life. This appeal follows.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Salazar argues that the trial court erred in denying his motion to dismiss. " '[T]he propriety of a trial court's decision to grant or deny a motion to dismiss is a question of law that we review for correctness.' " *State v. Marshall,* 2003 UT App 381,¶ 8, 81 P.3d 775 (alteration in original) (quoting *Tiede v. State,* 915 P.2d 500, 502 (Utah 1996)), *cert. denied,* 90 P.3d 1041 (Utah 2004).[1]

## ANALYSIS

¶ 5 Under Utah Code section 76–5–403, "[a] person commits forcible sodomy when the actor commits sodomy upon another without the other's consent." Utah Code Ann. § 76–5–403(2) (2003).[2] Salazar argues that the trial court should have granted his

---

1. Salazar waived his preliminary hearing, so there was no initial testimony to establish probable cause that Salazar committed the crime charged. Thereafter, Salazar retained new counsel, who identified the issues raised in this appeal. The parties agreed to take the testimony of the victim at a special hearing, and, based upon that testimony, Salazar filed the motion to dismiss that we review here. Although the motion was filed pretrial, both parties and the court treated the motion as one filed at trial after the close of the State's case.

This somewhat unusual procedural posture does not alter our standard of review, as Salazar's motion still presents pure questions of law that we review for correctness. *See State v. Marshall,* 2003 UT App 381,¶ 8, 81 P.3d 775, *cert. denied,* 90 P.3d 1041 (Utah 2004).

2. "Sodomy" is defined as "any sexual act with a person who is [fourteen] years of age or older involving the genitals of one person and mouth or anus of another person, regardless of the sex of either participant." Utah Code Ann. § 76–5–403(1) (2003).

motion to dismiss because the undisputed evidence established the victim's consent in this case. Salazar contends that the legislature has defined lack of consent in Utah Code section 76–5–406, and that any sexual act occurring outside the circumstances listed in that statute must be deemed to be with consent as a matter of law. *See id.* § 76–5–406 (2003). Salazar further characterizes his actions as falling outside of section 76–5–406, and thus, he argues that his sodomy upon the victim in this case must be deemed consensual. We disagree and affirm Salazar's conviction.

¶ 6 Section 76–5–406 sets out a list of circumstances under which there is deemed to be no consent to sexual activity as a matter of law. The statute states, in part:

A[ sexual] act . . . is without consent of the victim under any of the following circumstances:

(1) the victim expresses lack of consent through words or conduct;

. . . .

(3) the actor is able to overcome the victim through concealment or by the element of surprise;

. . . .

(5) the victim has not consented and the actor knows the victim is unconscious, unaware that the act is occurring, or physically unable to resist; [or]

. . . .

(7) the actor knows that the victim submits or participates because the victim erroneously believes that the actor is the victim's spouse. . . .

*Id.*

¶ 7 We note initially that Salazar's admitted actions appear to fall within the circumstances described in section 75–5–406(5). There was no existing consent from the victim, and Salazar knew that the victim was asleep and therefore "unconscious, unaware that the act [was] occurring, or physically

unable to resist." *Id.* § 76–5–406(5).[3] Under this theory of lack of consent, the crime of forcible sodomy was complete at the moment the sodomy commenced upon the sleeping victim, and the victim's actions after that point are of no consequence to Salazar's guilt.

¶ 8 There is, however, a more fundamental reason that Salazar's argument must fail. This court has previously described section 76–5–406 as merely defining "specific circumstances which will rebut an allegation of consent." *In re J.F.S.,* 803 P.2d 1254, 1257–58 (Utah Ct.App.1990).[4] We reiterate here that section 76–5–406 merely defines specific circumstances in which consent does not exist. As such, it is not a shield for criminal defendants who might be able to characterize their conduct as falling outside the statute.

¶ 9 Rather, section 76–5–406 limits the various theories of consent that might otherwise be available. While the existence of consent remains, generally, a question of fact, *see State v. Myers,* 606 P.2d 250, 252 (Utah 1980) ("consent is a matter . . . peculiarly within the province of the jury to determine"), facts satisfying one or more prongs of section 76–5–406 establish lack of consent *as a matter of law.* Fact finders are not, however, precluded from determining that circumstances outside those defined in section 76–5–406 may still amount to lack of consent in any particular case.

¶ 10 In this case, the victim's testimony and Salazar's admissions provided the trial court with ample reason to believe that the victim did not consent to Salazar's actions. The victim had no history of intimacy with Salazar, and had never even met him prior to this incident. Salazar admits that the victim was asleep when he entered her room and began to sodomize her. These admitted facts are sufficient to establish lack of consent under either Utah Code section 76–5–406(5) or the common, ordinary meaning of

3. We note that the "has not consented" language of section 406(5) appears to refer to a lack of previously given, continuing consent to sexual contact such as might exist in a marriage or other intimate relationship. *See* Utah Code Ann. § 76–5–406(5) (2003).

4. We differentiate section 76–5–406 from other statutes in which the legislature defines a particular crime in terms of multiple theories that will constitute that crime. *See, e.g.,* Utah Code Ann. § 76–6–501 (2003) (defining the different ways in which a person commits the crime of forgery).

lack of consent. Thus, the trial court did not err in denying Salazar's motion to dismiss.

## CONCLUSION

¶ 11 Salazar's admitted act of sodomy upon a sleeping stranger supports his conviction of the crime of forcible sodomy under Utah Code sections 76–5–403 and–406. Accordingly, the trial court's denial of Salazar's motion to dismiss is affirmed.

¶ 12 I CONCUR: PAMELA T. GREENWOOD, Judge.

ORME, Judge (concurring in the result).

¶ 13 I agree with the "more fundamental reason that Salazar's argument must fail," as discussed in paragraphs 8–10 of the court's opinion, and thus see no need to reach, and express no opinion on, the alternative rationale premised on Utah Code Ann. § 76–5–406(5) (2003).