THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Zeb Eron
 Binnarr, Appellant.
 
 
 
 
 

Appeal From Charleston County
 Thomas W. Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-077
 Submitted February 1, 2010  Filed
February 2, 2010    

AFFIRMED

 
 
 
 H. Stanley Feldman, of Charleston, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; Solicitor Scarlett Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Zeb Eron Binnarr appeals his conviction
 for failing to register as a sex offender. 
 On appeal, he argues the trial court erred in: (1) holding the applicable sex
 offender registration statutes did not have a notice requirement; (2) holding
 the lack of a notification requirement in section 23-3-460 of the South
 Carolina Code (Supp. 2009) did not violate his procedural due process rights;
 and (3) denying his motion for directed verdict.  We affirm.  
1. A review of the statutory language
 in section 23-3-460 indicates the Legislature did not include language
 requiring the State to notify sex offenders about the change in registration
 requirements when it amended the statute in 2006 to require registration on a
 biannual basis.  A clear reading of section 23-3-440 reveals the statute only
 requires the State to give notice of the registration requirement to a sex
 offender within one day of the sex offender's release from prison.  See S.C. Code Ann. § 23-3-440(1) (2007) (emphasis added) (stating "the
 Department of Probation, Parole, and Pardon Services shall provide verbal and
 written notification to the offender that he must register with the sheriff of
 the county in which he intends to reside within one business day of his
 release.").  Any attempt to insert the notification requirement of
 section 23-3-440 into section 23-3-460 would run contrary to the plain and
 ordinary meaning of both statutes.  See TNS Mills, Inc. v. S.C. Dep't
 of Revenue, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998) ("Subtle or
 forced construction of statutory words for the purpose of expanding a statute's
 operation is prohibited.").  Accordingly, the trial court correctly held
 the applicable sex offender statutes did not require the State to notify Binnar
 of the change in registration requirements.               
2. We hold the trial court correctly
 held section 23-3-460 did not violate Binnarr's procedural due process rights. 
 The amendment to section 23-3-460 changing the registration requirements for
 sex offenders to a biannual basis became effective on July 1, 2006, one month
 before Binnarr was required to register with the sheriff's office.  See S.C. Code Ann. § 23-3-460 (Supp. 2009).  Thus, Binnarr had fair notice that the
 failure to register on a biannual basis could result in a crime because the
 amendment became effective one month before he was required to begin
 registering on a biannual basis starting in August 2006.  See State
 v. Edwards, 302 S.C. 492, 494, 397 S.E.2d 88, 89-90 (1990) (stating if a
 criminal offense takes place after the effective date of a statutory amendment,
 a defendant has fair notice that the conduct referenced in the amendment is
 criminal); S.C. Code Ann. § 23-3-470 (Supp. 2009) (stating the failure to
 register is a criminal offense).  Additionally, the sheriff's office provided
 fair notice to Binnarr of the new registration requirements when it mailed a
 blanket notice and a certified letter to Binnarr's residence.  
3. Since Binnarr did not renew his
 motion for directed verdict at the close of all evidence, this issue is not
 preserved for our review.  See State v. Bailey, 368 S.C. 39, 43
 n.4, 626 S.E.2d 898, 900 n.4 (Ct. App. 2006) ("If a defendant presents
 evidence after the denial of his directed verdict motion at the close of the
 State's case, he must make another directed verdict motion at the close of all
 evidence in order to appeal the sufficiency of the evidence.").  

AFFIRMED.[1]
HUFF, A.C.J.,
 THOMAS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.