STATE of Utah, Plaintiff and
Respondent,

v.

Susie GARCIA, Defendant
and Appellant.

No. 19893.

Supreme Court of Utah.

Jan. 31, 1985.

Gary L. Gale, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Bruce Hale, Stephen Schwendiman, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted at a bench trial before the Circuit Court of Ogden City of driving under the influence of alcohol. She was sentenced to one year in the county jail under the enhancement provisions of U.C.A., 1953, § 41–6–44(d).[1] She appealed to the district court, which affirmed the conviction and sentence by a written ruling. She now appeals here. We affirm.

In its written ruling, the district court found that the following facts were undisputed: Defendant had no driver's license and presented no evidence that she had adequate training to make her a safe driver. On July 30, 1983, after she had been drinking, defendant backed her car out of her driveway, accelerated rapidly across the street into a parking area, and rammed into the back end of a pickup truck. Three people were working under the hood of the truck. One victim was only slightly injured, but a second lost a leg to the knee, while the third victim lost both legs at the hip as a result of the accident. Defendant

---

1. Since the incident involved in this case, this section has been amended and is now numbered 41–6–44(3). The statute provides for a sentence of up to six months' imprisonment on a conviction of driving under the influence of alcohol "provided that in the event such person shall have inflicted a bodily injury upon another as a proximate result of having operated said vehicle in a negligent manner, he shall be punished by imprisonment in the county jail for not more than one year ...."

was arrested at the scene. A sample of her blood was taken in which the alcohol content was measured at .19.

At the district court, defendant argued: (1) that the sentence of one year is void because the circuit court failed to find that defendant had caused any injuries;[2] (2) that the circuit court used an improper standard of negligence; that criminal negligence is the proper standard and only simple negligence was found;[3] and (3) that the imposition of one year of confinement is grossly inappropriate and constitutionally invalid.

The district court listened to the electronic tapes used to record the proceedings at the circuit court and found: (1) that the trial court found that defendant's intoxicated driving caused injuries; (2) that defendant's second issue was moot because the trial court found defendant had driven her car in a criminally negligent manner; and (3) that the imposition of the one-year sentence under section 41–6–44(d) was supported by the record, and the trial court did not abuse its discretion in imposing the maximum sentence.

Defendant appeals to this Court, asserting as her constitutional issues:[4] (1) that defendant was denied due process because the sentence is void; (2) that section 41–6–44(d) is unconstitutional insofar as it calls for a standard of simple negligence rather than a standard of criminal negligence; and (3) that the imposition of a sentence of one year of confinement constitutes cruel and unusual punishment as applied in this case.

▮▮▮ To the extent that this Court has jurisdiction to treat these issues on the merits,[5] we believe that they were adequately answered by the district court. We find no error in the district court's written ruling, and it is affirmed.

---

**2.** The circuit court clerk's notes state simply, "[G]uilty of DUI."

**3.** Section 41–6–44(d) clearly calls for a standard of simple negligence. Defendant relies on some of our previous opinions issued before this statute was amended to include the simple negligence standard.

**4.** Section 78–3–5 provides that the decisions of the district court on appeals from circuit courts shall be final except in cases involving a constitutional issue.

**5.** See State v. Boone, Utah, 677 P.2d 1114 (1984).