# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 01-1289WM

—————————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the Western District |
| | * of Missouri. |
| Ronald Timothy Phipps, | * |
| | * |
| Appellant. | * |

—————————

Submitted: June 15, 2001

Filed: August 9, 2001

—————————

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and DAWSON,[1] District Judge.

—————————

RICHARD S. ARNOLD, Circuit Judge.

Ronald Timothy Phipps was convicted of bank robbery in violation of 18 U.S.C. § 2113. The District Court[2] held that Mr. Phipps's prior convictions, which the

———————————

[1]The Hon. Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[2]The Hon. Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

government had charged in an information pursuant to 18 U.S.C. § 3559(c)(4), subjected him to a mandatory life sentence under the "three-strikes" provision of 18 U.S.C. § 3559(c)(1), because at least two of the offenses met the statutory requirements for a "serious violent felony." Mr. Phipps argued at sentencing that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), entitled him to have that issue submitted to a jury.[3] This argument did not prevail, and Mr. Phipps was sentenced to life in prison. He repeats his Apprendi argument on appeal. We affirm.

I.

Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The question before us is whether the application of 18 U.S.C. § 3559(c) to Mr. Phipps requires the proof of any fact other than the fact of his prior convictions. We hold that it does not.

According to the government's Amended Information, the accuracy of which is not challenged here, Mr. Phipps's prior convictions were for armed robbery, threat by mail to injure or kill, bank robbery with a dangerous weapon, and reckless homicide.[4] The government places full reliance on the two robbery convictions, conceding for purposes of this appeal that the convictions for threat by mail and reckless homicide

---

[3]Mr. Phipps concedes that the charging of his prior convictions in an information satisfies Apprendi's pleading requirement. We therefore do not address the sufficiency of the indictment in this case.

[4]The presentence report states that the defendant was also previously convicted of robbing a bank by using a note that threatened the use of a gun. This conviction cannot be used to enhance his sentence, however, because it was not charged in an information as required by 18 U.S.C. § 3559(c)(4).

should not be counted toward the defendant's three strikes.  The robbery convictions are two strikes against him, however, unless he can establish that they shouldn't be counted.  The statutory definition of a "serious violent felony" expressly includes violations of 18 U.S.C. § 2113, such as the one to which Mr. Phipps pleaded guilty in 1981.  See 18 U.S.C. § 3559(c)(2)(F)(i).  The second conviction on which the government relies followed a 1967 plea of guilty to a Kentucky armed robbery charge. That offense is counted under 18 U.S.C. § 3559(c)(2)(F)(ii), because it was punishable by at least ten years of imprisonment and had as an element the use or threatened use of physical force.  See Ky. Rev. Stat. Ann. § 433.130 (1966) (repealed 1974).  Mr. Phipps argues that the District Court decided factual issues in counting these strikes, and that the issues should have gone to a jury under Apprendi because the number of prior strikes determined the statutory maximum for his present offense.

First, he points to the similarity between the phrase "serious violent felony" and the phrase "serious bodily injury," 18 U.S.C. § 2119(2), which figured in the important Apprendi precursor, Jones v. United States, 526 U.S. 227 (1999).  He argues that, because Jones held that "serious bodily injury" in a carjacking offense is treated not as a sentencing factor but as an element of a greater crime, Jones at 239, the same should be true of a robbery defendant's prior conviction for a "serious violent felony."  We disagree.  Unless the affirmative defense provided in 18 U.S.C. § 3559(c)(3)(A) is raised – a circumstance not present here – a court determining whether a defendant has been convicted of a serious violent felony has to decide only two things:  whether a given offense meets the statutory definition for a serious violent felony, and whether the defendant was convicted of it.  The first question concerns the logical relationships among legal categories.  The second is a question of fact, but the fact is one which (as Jones itself noted) has traditionally been treated as a sentencing factor.  See Jones, 526 U.S. at 249 (noting "the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment").  We see no reason to treat it otherwise here.  The statute containing the three-strikes rule focuses on sentencing and does not suggest a congressional intent to create a new offense.  Nor does the Constitution

require that Mr. Phipps's prior convictions be treated, along with the predicate conduct of his present offense, as elements of a greater crime. As we noted above, the fact of a prior conviction is expressly exempted from the rule in Apprendi. We are not free to consider whether it should be subject to that rule, because the Supreme Court's pre-Apprendi decisions specifically approved Congress's use of "the prior commission of a serious crime," Almendarez-Torres v. United States, 523 U.S. 224, 230 (1998), as a sentencing factor which may subject a defendant to a higher statutory maximum penalty even if it is not charged in the indictment or proved to the jury. Accord, United States v. Gatewood, 230 F.3d 186, 192 (6th Cir. 2000) (in light of Almendarez-Torres, the three-strikes rule is best understood as using recidivism as a sentencing factor for Apprendi purposes).

Mr. Phipps next argues that the three-strikes law requires the proof of facts that fall outside of Apprendi's "recidivism exception," because the affirmative defense provided in the statute involves the question of whether the conduct underlying a prior robbery conviction was actually violent. A robbery that fits the statutory definition is a "serious violent felony" unless the defendant can show by clear and convincing evidence that no firearm or other dangerous weapon was used or threatened to be used in the offense. 18 U.S.C. § 3559(c)(3)(A). We agree that a factual finding would be required if a defendant in Mr. Phipps's position were to claim that one of his prior robbery convictions did not involve the use or threatened use of a dangerous weapon. But Mr. Phipps has not made any such claim, which it was his burden to do. He does not dispute this allocation of the burden, nor does he challenge the validity of any of his prior convictions. We do not believe that the mere presence of an affirmative defense in the statute creates an issue of fact as to Mr. Phipps. Because no such issue was raised in this case, we need not consider to whom the Constitution would have entrusted it.

II.

We hold that the District Court's application of the three-strikes law to Mr. Phipps did not require it to find any facts other than the fact of his two prior robbery convictions. For this reason, his <u>Apprendi</u> claim is without merit, and his life sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.