2005 UT App 538

**STATE of Utah, Plaintiff and Appellant,**

v.

**Abigail Flores GONZALES, Defendant and Appellee.**

**No. 20040685–CA.**

Court of Appeals of Utah.

Dec. 15, 2005.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellant.

Margret Sidwell Taylor, Helper, for Appellee.

Before BILLINGS, P.J., DAVIS, and McHUGH, JJ.

## OPINION

DAVIS, Judge:

¶ 1 The State appeals the trial court's order granting Abigail Flores Gonzales's (Defendant) motion to dismiss the charge of driving under the influence (DUI) with prior convictions, a third degree felony, in violation of Utah Code section 41-6-44. *See* Utah Code Ann. § 41-6-44(2), (6) (Supp.2002).[1] We reverse and remand.

## BACKGROUND

¶ 2 In September 2002, Defendant was charged with driving under the influence of alcohol with prior convictions, a third degree felony, pursuant to Utah Code section 41-6-44. *See id.* The charge was based on the current offense and Defendant's two prior misdemeanor DUI convictions, which were entered on September 15, 1997, and February 14, 2001, in different justice courts after Defendant pleaded guilty to those charges. Defendant moved to dismiss the charge, arguing in essence that (1) the DUI statute itself does not permit enhancements based on

---

1. The relevant section of the Utah Code was amended and renumbered as Utah Code sections 41-6a-502 and -503 effective February 2, 2005.

*See* Utah Code Ann. 41-6a-502 to -503 (2005). In this opinion, we cite to the prior enactment of these sections.

convictions entered prior to July 1, 2001; (2) neither the statute nor the justice court judges provided "fair warning" that his prior convictions could support a later charge; and (3) his prior justice court convictions were insufficient to support the felony charge because justice courts are courts not of record.

¶ 3 At a preliminary hearing, Defendant called as witnesses the two justice court judges who received his prior guilty pleas. Both judges testified that, as a matter of routine, they advise defendants that a conviction based on a guilty plea may be used to enhance a later offense. The judge who received Defendant's 2001 guilty plea testified that she specifically recalled explaining the possibility of enhancement to Defendant. However, neither judge had evidence that Defendant was advised in writing of the possibility of enhancement, and the judge receiving Defendant's 1997 guilty plea testified that once a case is completed he routinely destroys all documents aside from the citation, information, and judgment.

¶ 4 The trial court addressed sua sponte the applicability of rule 9–301 of the Utah Rules of Judicial Administration, which requires justice court judges to provide defendants with oral and written notice of possible enhancements. The court concluded that, although the evidence indicated that Defendant had been advised of possible enhancement orally, he was not advised in writing as required by rule 9–301. The court determined that the State had not met its burden of proving that Defendant's prior guilty pleas were taken in accord with rule 9–301 and granted the motion to dismiss the enhanced penalty, stating that "failure of compliance with the [r]ule [must] have some consequence." The State moved to reconsider, arguing that the trial court had failed to apply our decision in *State v. Marshall,* 2003 UT App 381, 81 P.3d 775, *cert. denied,* 87 P.3d 1163 (Utah 2004). The trial court denied the motion, determining that *Marshall's* holding applied only to courts of record and not to justice courts. The court then reiterated its position that where the State does not show by a preponderance of the evidence that the justice court complied with rule 9–301, the State cannot use the conviction to

support an enhanced penalty. The State now appeals the trial court's ruling.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 The State contends that the trial court erred in requiring it to prove by a preponderance of the evidence that the justice court had complied with rule 9–301. We review a trial court's decision to grant or deny a motion to dismiss for correctness. *See State v. Hamilton,* 2003 UT 22, ¶ 17, 70 P.3d 111.

¶ 6 For his part, Defendant does not directly address the application of rule 9–301 in his brief, but raises several alternative grounds for affirming the trial court. These are: (1) the DUI statute does not permit enhancement based on a DUI committed prior to July 1, 2001; (2) the 2001 amendment to the DUI statute provides constitutionally inadequate notice of an enhancement possibility; and (3) the justice courts are courts not of record and, as such, cannot generate a record upon which to base an enhancement. These are issues of law which we review for correctness. *See West Valley City v. Hoskins,* 2002 UT App 223, ¶ 6, 51 P.3d 52.

## ANALYSIS

¶ 7 Rule 9–301(2) of the Utah Rules of Judicial Administration describes the procedure a justice court judge must follow in cases where the defendant may be subject to an enhancement:

> (2) If the defendant would be subject to an enhanced penalty, upon the entry of a plea of guilty, the justice court judge shall:
>
> (2)(A) Advise the defendant, orally and in writing of the defendant's rights, the elements of the charged offense, the penalties for the charged offense, and the enhancement penalty which may be imposed in the event the defendant is convicted of the same offense in the future; and
>
> (2)(B) Require the defendant to sign a statement acknowledging that the defendant understands his rights and that he knowingly, intelligently and voluntarily waives those rights.

Utah R. Jud. Admin. 9–301(2). The trial court excluded Defendant's prior convictions

for enhancement purposes after determining that Defendant was advised orally of the possibility of enhancement but not in writing as required by rule 9–301.

■ ¶ 8 In *State v. Marshall*, we repeated the well-established principle that a court's failure to comply with a procedural rule does not alone invalidate a conviction for enhancement purposes. *See* 2003 UT App 381 at ¶ 21 n. 9, 81 P.3d 775 (citing *Salazar v. Warden*, 852 P.2d 988, 992 (Utah 1993)). To succeed in excluding evidence of a prior conviction, Defendant " 'must show more than a violation of the prophylactic provisions of [a procedural rule]; he or she must show that the guilty plea was in fact not knowing and voluntary.' " *Id.* (alteration in original) (quoting *Salazar*, 852 P.2d at 992). A guilty plea is entered knowingly and voluntarily when "an accused [is] fully aware of the *direct* consequences of a guilty plea." *Id.* (citations and quotations omitted). In *Marshall* we concluded that the mere possibility of a future enhancement does not affect a defendant's awareness of the direct consequences of entering a guilty plea. *See id.* It follows then that the written notice required by rule 9–301 in this case regards a contingent consequence of Defendant's guilty pleas and, therefore, the justice courts' failure to provide such notice does not render those guilty pleas invalid for enhancement purposes. *See, e.g., People v. Marez*, 39 P.3d 1190, 1193 (Colo.2002) (noting that a defendant need only be advised of consequences that are "definite, direct, and largely automatic").

■ ¶ 9 We turn now to Defendant's arguments on appeal. He first contends that the DUI statute does not permit enhancement based on a DUI committed prior to July 1, 2001. Utah Code section 41–6–44(6)(a) provides:

A conviction for a violation ... is a third degree felony if it is:

(i) a third or subsequent conviction under this section within ten years of two or more prior convictions; or

(ii) at any time after a conviction of:

(A) automobile homicide ... that is committed after July 1, 2001; or

(B) a felony violation under this section that is committed after July 1, 2001.

Utah Code Ann. § 41–6–44(6)(a). "When interpreting a statute, this court's 'paramount concern is to give effect to the legislative intent, manifested by the plain language of the statute. Unless a statute is ambiguous, we will not look beyond the plain language of the statute.' " *Green River Canal Co. v. Olds*, 2004 UT 106, ¶ 18, 110 P.3d 666 (citation omitted). Here, subpart (ii) of the statute clearly limits enhancement based on a conviction for automobile homicide and other felonies committed prior to July 1, 2001. However, Defendant's convictions were misdemeanors, and under the plain language of subpart (i), they may support an enhancement as long as they occurred within ten years of Defendant's third conviction.

■ ¶ 10 Defendant next argues that the same provision fails to provide constitutionally adequate notice of the possibility of enhancement. He claims his right to due process under the United States Constitution has been violated because, at the time of his September 1997 and February 2001 convictions, the statute did not indicate those convictions could be used to enhance a later conviction. It is true that the current version of the enhancement provision was not effective until April 30, 2001, after both of Defendant's prior DUI offenses had been committed. *See* Utah Code Ann. § 41–6–44 amendment notes (Supp.2002). However, we have already held in *State v. Marshall* that Defendant is "deemed to be on notice of the 2001 amendment to the DUI law, and the legal consequences thereof, as of its effective date of April 30, 2001," 2003 UT App 381 at ¶ 18, 81 P.3d 775, which in this case was over a year before Defendant committed the current DUI offense. We also held that the current DUI statute does not violate the constitutional ex post facto prohibition because "the 2001 amendment does not retroactively 'aggravate[ ]' the crimes of Defendant's [September 1997] and [February 2001] DUIs, nor does it 'inflict [a] greater punishment' than that attached to those crimes when they were committed." *Id.* at ¶ 16 (first and fourth alterations in original) (citations omitted).

¶ 11 Finally, Defendant posits that the justice courts are courts not of record, *see* Utah Code Ann. § 78–5–101 (2002) (designating justice court as "a court not of record"), and that as such they cannot, by definition, generate a record upon which to base an enhancement.[2] However, we have recently reiterated that prior convictions are vested with a presumption of regularity even when a complete record of the proceedings was not created or was unavailable. *See State v. Ferguson,* 2005 UT App 144, ¶¶ 24–27, 111 P.3d 820. We have expressly applied this presumption to proceedings in justice court, while recognizing that they are courts not of record. *See State v. Gutierrez,* 2003 UT App 95, ¶ 12, 68 P.3d 1035 (applying presumption of regularity to uphold prior DUI conviction based on a guilty plea in justice court). Given that we treat convictions entered in justice court with the same presumption of regularity as other convictions, we decline to conclude that convictions entered by such courts are, by their nature, invalid for enhancement purposes.

## CONCLUSION

¶ 12 In conclusion, we have determined that Defendant was aware of the then applicable direct consequences resulting from his prior guilty pleas before the justice courts, and as such, the justice courts' failure to provide written notice of contingent enhancements does not invalidate those convictions for enhancement purposes. We reverse the trial court's ruling dismissing the charge against Defendant and remand for further proceedings.

¶ 13 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and CAROLYN B. McHUGH, Judge.

---

2. Defendant appears to define "court not of record" literally to mean that such courts are required to retain few or no records of their proceedings. This is not necessarily the case. Under the Utah Constitution, the term "court not of record" identifies a general category of courts but does not define how they should operate. *See* Utah Const. art. VIII, § 1. Aside from the proviso that "no qualification may be imposed which requires judges of courts not of record to be admitted to the practice of law," *id.* § 11, all other operational aspects of such courts, including their record-making, are governed generally by statute and rule. Contrary to Defendant's apparent assumption, nothing inherent in the designation "court not of record" prevents those courts from producing an extensive record of their proceedings.