2008 UT App 206

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert PALMER, Defendant and Appellant.**

**No. 20060925–CA.**

Court of Appeals of Utah.

May 30, 2008.

Aaron P. Dodd, Provo, for Appellant.

Mark L. Shurtleff, atty. gen., and Ryan D. Tenney, asst. atty. gen., Salt Lake City, for Appellee.

Before THORNE, Associate P.J., McHUGH and ORME, JJ.

## OPINION

McHUGH, Judge:

¶1 Robert Palmer challenges his conviction under subsection (2)(a) of Utah Code section 41–6–44, which makes it unlawful to operate a vehicle while under the influence of alcohol or any drug (DUI). *See* Utah Code Ann. § 41–6–44(2)(a) (Supp.2004).[1] Subsec-

tion (6)(a) of the same section declares that DUI is a third degree felony if the defendant has two or more prior convictions within the past ten years. *See id.* § 41–6–44(6)(a). Palmer argues that subsection (6)(a) defines a separate crime, rather than a sentence enhancement, and that the trial court committed structural error when it found Palmer had two prior convictions without submitting that question to the jury.

¶2 We conclude that subsection (6)(a) is an enhancement provision, which merely increases the sentence for a recidivist. Subsection (6)(a) does not define a separate crime and therefore does not require a jury trial to establish prior convictions. Accordingly, we affirm Palmer's felony DUI conviction.

## BACKGROUND[2]

¶3 On September 23, 2004, Sergeant George Alexanderson of the Utah County Sheriff's Office pulled Palmer over for making an illegal turn and driving a vehicle with an expired registration. There was "a very strong [odor] of an alcoholic beverage" when Sergeant Alexanderson approached Palmer. Additionally, Palmer had "an extremely difficult time" producing his driver's license, and "his speech was slurred" in a "thick tongue sort of" way. Sergeant Alexanderson, assisted by backup officers, suspected Palmer was intoxicated and administered three field sobriety tests; Palmer failed all three. Accordingly, Palmer was arrested for DUI. A subsequent breathalyzer test measured Palmer's blood alcohol concentration at .318, nearly four times the legal limit of .08, *see id.* § 41–6–44(2)(a)(i), (iii).

¶4 Palmer was charged by information on January 4, 2005, with one count of DUI. Palmer pleaded not guilty, and a jury trial

---

1. Utah Code section 41–6–44 was amended and renumbered in 2005. *See* Traffic Code Recodification and Revisions, ch. 2, §§ 58–59, 2005 Utah Laws 18, 56–60 (current version as amended at Utah Code Ann. §§ 41–6a–502, –503 (Supp. 2007)); Alcohol Restricted Drivers, ch. 91, §§ 1–2, 2005 Utah Laws 627, 627–28 (current version at Utah Code Ann. §§ 41–6a–502, –503 (Supp. 2007)). Because Palmer's actions occurred prior to these revisions, we cite to the 2004 code

unless otherwise noted. *See State v. Gonzales,* 2005 UT App 538, ¶1 n. 1, 127 P.3d 1252.

2. " 'In setting out the facts from the record on appeal, we resolve all conflicts and doubts in favor of the jury's verdict and the rulings of the trial court.' " *State v. Yanez,* 2002 UT App 50, ¶1 n. 1, 42 P.3d 1248 (quoting *State v. Tolman,* 775 P.2d 422, 422–23 (Utah Ct.App.1989)).

was scheduled for August 8, 2006. Despite receiving notice of the trial date, Palmer failed to appear and was convicted in absentia of DUI. By stipulation of the parties, the jury was excused, and the prosecution presented evidence of Palmer's prior convictions to the trial judge, resulting in an increase in Palmer's sentence.

¶ 5 At sentencing, Palmer argued his Sixth Amendment right to a jury trial was violated when the trial judge, as opposed to the jury, considered the sentence enhancement based on Palmer's prior convictions.[3] The trial court found Palmer's Sixth Amendment rights were violated but denied Palmer's motion on the basis of harmless error. The trial court sentenced Palmer to zero to five years in the Utah State Prison, and Palmer filed this appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Palmer presents one issue on appeal: "Whether the trial court violated Palmer's constitutional right to have a jury consider his prior DUI convictions...." "Constitutional issues are questions of law that we review for correctness." *State v. Norcutt*, 2006 UT App 269, ¶ 7, 139 P.3d 1066.

3. Palmer's argument before the trial judge was that "his right to have the jury ... consider the *enhancement*" was improperly waived. (Emphasis added.) Accordingly, the State suggests Palmer's argument on appeal—that subsection (6)(a) is an "element" and not merely an "enhancement"—is unpreserved. We disagree. "The purpose of preserving the error is to assure that the trial court has had the claimed error brought to its attention in a timely fashion, allowing the trial court the first opportunity to address and correct the problem." *State v. Beck*, 2007 UT 60, ¶ 8, 165 P.3d 1225. In this case, the trial court addressed both enhancements and elements. Indeed, the trial court cited to relevant authority and ultimately concluded that subsection (6)(a) is "not just a sentencing enhancement" but rather a new offense.

4. The right to a jury trial is also secured by Article I, Section 12 of the Utah Constitution. However, Palmer does not provide a separate analysis based on the Utah Constitution. Indeed, Palmer's list of controlling statutes only contains the Sixth Amendment to the United States Constitution. "Therefore, we address only the federal provision." *State v. Jensen*, 818 P.2d 551, 552

## ANALYSIS

¶ 7 The right to a jury trial in criminal proceedings is secured by the Sixth Amendment to the United States Constitution.[4] *See* U.S. Const. amend. VI. That amendment declares: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."[5] *Id.*

¶ 8 The Sixth Amendment's provisions have been interpreted by the United States Supreme Court as providing a criminal defendant with "the right to have a jury determine, beyond a reasonable doubt, his guilt of every *element* of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 522–23, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (emphasis added). Accordingly, if Palmer is correct that subsection 6(a) of Utah Code section 41–6–44 is intended as an *element* of the crime of DUI, we assume without deciding that Palmer had a constitutional right to have the jury determine whether or not the State proved that element.

¶ 9 On the other hand, the Supreme Court has expressly ruled that the Sixth Amendment does not require prior convictions to be submitted to the jury when used merely as a *sentence enhancement*.[6] *See*

n. 2 (Utah 1991); *see also State v. Worwood*, 2007 UT 47, ¶ 18, 164 P.3d 397 ("[C]ursory references to the state constitution within arguments otherwise dedicated to a federal constitutional claim are inadequate.").

5. The Sixth Amendment right to a jury trial was incorporated through the Fourteenth Amendment and has been declared binding on the states. *See Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) ("[W]e hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee.").

6. This is an exception to the more general rule that sentence enhancements "must be ... submitted to a jury, and proven beyond a reasonable doubt" if they "increase[] the maximum penalty for a crime." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Palmer suggests this exception stands on somewhat shaky footing. *See id.* at 489, 120 S.Ct. 2348 (suggesting the prior conviction exception was incorrectly decided); *Rangel–Reyes*

*Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("[A]ny fact *(other than prior conviction)* that increases the maximum penalty for a crime must be ... submitted to a jury, and proven beyond a reasonable doubt." (emphasis added)); *Almendarez–Torres v. United States,* 523 U.S. 224, 229–35, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (ruling recidivism was not an element of a particular offense and, therefore, need not be charged in an indictment or determined by a jury). Accordingly, if the State is correct that subsection 6(a) was intended as a sentence enhancement, relevant only after a DUI conviction had been secured, Palmer did not have a constitutional right to have the fact of his prior convictions decided by a jury.

■ ¶ 10 Because Palmer's constitutional argument hinges on the classification of subsection 6(a) as either an element or a sentence enhancement, Palmer correctly recognizes that "[t]he real issue before this Court is whether Utah Code Annotated § 41–6–44(6)(a) ( [Supp.2004] ) provides separate elements ... or whether this [sub]section is only an enhancement provision." "[T]he question of which factors are" elements and which factors are sentence enhancements "is normally a matter for [the legislative branch]." *Almendarez–Torres,* 523 U.S. at 228, 118 S.Ct. 1219.

> We therefore look to the statute before us and ask what [the legislature] intended. Did it intend the ... prior conviction[ ] *to help define a separate crime? Or did it intend the presence of an earlier conviction as a sentencing factor, a factor that a sentencing court might use to increase punishment?* In answering this question, we look to the statute's language, structure, subject matter, context, and history—factors that typically help courts determine a statute's objectives and thereby illuminate its text.

*Id.* (emphasis added).

¶ 11 Our review of Utah Code section 41–6–44 convinces us that the legislature did not intend subsection 6(a) to constitute a separate DUI offense but, rather, a sentence enhancement used to increase punishment for a recidivist.

¶ 12 To begin with, subsection 6(a)'s subject matter is indicative of its design as a sentence enhancement. The Supreme Court interpreted a similar statutory provision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and emphasized that "the relevant statutory subject matter is recidivism. That subject matter—prior commission of a ... crime—is as typical a sentencing factor as one might imagine." *Id.* at 229–30, 118 S.Ct. 1219. Likewise, the Court acknowledged that "the introduction of evidence of a defendant's prior crimes risks significant prejudice." *Id.* at 235 118 S.Ct. 1219. Accordingly, the Court assumed that "other things being equal, ... Congress would [not] have wanted to create this kind of unfairness[—introduction of evidence of prior convictions during the guilt phase of the trial—]in respect to facts that are almost never contested." *Id.* For these reasons, the Supreme Court determined the statutory provision at issue in *Almendarez–Torres* was a sentence enhancement and not an element of the crime charged. *See id.* at 234–35, 243–44, 118 S.Ct. 1219 ("[T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to the

---

*v. United States,* 547 U.S. 1200, 1201, 126 S.Ct. 2873, 2874, 165 L.Ed.2d 910 (2006) (denying cert.) (Thomas, J., dissenting) ("[I]t has long been clear that a majority of this Court now rejects that exception."). *But see id.* (Stevens, J., concurring) ("While I continue to believe that *Almendarez–Torres* was wrongly decided, that is not a sufficient reason for revisiting the issue.... The doctrine of *stare decisis* provides sufficient basis for the denial of certiorari in these cases." (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350

(1998))). At this time, the exception still stands and has recently been reaffirmed. *See Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 864, 869, 166 L.Ed.2d 856 (2007) ("Other than a prior conviction ... any fact that increases the penalty for a crime ... must be submitted to a jury ...." (internal quotation marks omitted)); *United States v. Booker,* 543 U.S. 220, 231, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (same). Unless and until *Almendarez–Torres* is actually reversed, it is controlling precedent on the scope of Palmer's Sixth Amendment rights.

punishment only." (additional alteration and internal quotation marks omitted)).

¶ 13 Of course, the general indicators of legislative intent recognized by the Supreme Court must give way if evidence demonstrates that the Utah Legislature actually intended subsection (6)(a) to define a separate DUI crime. *See id.* at 244, 118 S.Ct. 1219. However, no such evidence exists. On the contrary, subsection (6)(a)'s plain language demonstrates it was not intended to define a separate crime but, rather, to operate as a sentence enhancement. *See generally In re Z.C.,* 2007 UT 54, ¶ 6, 165 P.3d 1206 ("The first step of statutory interpretation is to evaluate the best evidence of legislative intent: the plain language of the statute itself. When examining the statutory language we must assume the legislature used each term advisedly and in accordance with its ordinary meaning." (citation and internal quotation marks omitted)).

¶ 14 Under subsection 6(a), *"[a] conviction for a violation of Subsection (2)* is a third degree felony if it is ... a third or subsequent conviction ... within ten years."* Utah Code Ann. § 41–6–44(6)(a) (Supp.2004) (emphasis added). Notably, subsection (6)(a) does not prohibit or declare any activity illegal. *Compare id.* § 41–6–44(2) ("A person *may not"* .... (emphasis added)), *with id.* § 41–6–44(6) ("A *conviction* for a violation *of Subsection (2)* is a third degree felony ...."* (emphasis added)). Instead, subsection (6)(a) indicates that a defendant has been charged and convicted "for a violation of Subsection (2)." *Id.* § 41–6–44(6)(a).

¶ 15 In this case, subsection (2) made it illegal for Palmer to (1) operate a vehicle and (2) have a blood alcohol level above .08. *See id.* § 41–6–44(2)(a)(i), (iii). Those were the only elements necessary for Palmer's *conviction.*[7] *See State v. Perez–Avila,* 2006 UT App 71, ¶ 11, 131 P.3d 864 ("[T]hat the State show that a defendant operated a vehicle with a blood or breath alcohol concentration of .08 or greater .... [are] the *only* required showing[s] for DUI."). Subsection (6)(a) did not add to those two elements in any way, and, in fact, contained an express prerequisite before its provisions were applicable—

*"[a] conviction for a violation of Subsection (2)."* Utah Code Ann. § 41–6–44(6)(a) (emphasis added). Thus, Palmer's previous convictions were irrelevant to his guilt or innocence of the crime charged—DUI. *See id.* § 41–6–44(2)(a)(i), (iii). Accordingly, we hold subsection 6(a) does not define a new crime but, rather, operates as a sentence enhancement after a conviction under subsection (2) has been obtained. *See Almendarez–Torres,* 523 U.S. at 244, 118 S.Ct. 1219 ("[R]ecidivism does not relate to the commission of the offense, *but goes to the punishment only,* and therefore .... [need not] be deemed an 'element' of petitioner's offense ...."* (internal quotation marks omitted)).

¶ 16 Our ruling on this issue is further strengthened by the structure of the statute, which evidences the legislature's intent concerning when prior convictions should be considered elements necessary for the crime of DUI. Subsection (2) defines five different DUI offenses. For example, subsection (2)(a)(iii) makes it illegal to drive a vehicle with a blood alcohol level exceeding .08, regardless of whether the driver has prior DUI convictions. *See* Utah Code Ann. § 41–6–44(2)(a)(iii); *see also id.* § 41–6–44(2)(a)(i). However, subsection (2)(a)(v) imposes stricter limits for individuals with prior convictions. *See id.* § 41–6–44(2)(a)(v). Subsection (2)(a)(v) makes it a crime to (1) be twenty-one years or older; (2) have a blood alcohol level of *.05* or higher; (3) have a passenger under sixteen; and (4) have *"committed the offense within ten years of a prior conviction."* *Id.* (emphasis added); *see also id.* § 41–6–44(2)(a)(iv) (creating similar restrictions). Thus, under subsection (2)(a)(v), a prior conviction is contained in the provision that defines the crime charged. We are obligated to assume that the legislature's decision to include prior convictions within subsection (2)(a)(v) but not within subsection (2)(a)(iii) was deliberate. *See Davis County Solid Waste Mgmt. v. City of Bountiful,* 2002 UT 60, ¶¶ 10–11, 52 P.3d 1174 (relying on a statute's structure when interpreting its meaning).

---

7. Palmer concedes that these elements were satisfied.

¶ 17 Our ruling on this issue necessarily rejects Palmer's argument that *State v. Harris*, 1 Utah 2d 182, 264 P.2d 284 (1953), compels a different result. In *Harris*, a defendant's prior DUI convictions were submitted to the jury and the trial judge improperly commented on the evidence. *See id.* at 285–86. The Utah Supreme Court reversed the defendant's conviction, ruling: "[T]he right of an accused to trial by jury, *assured by the provisions of our State Constitution*, means that all issues of fact shall be submitted to them and that the Court should neither expressly nor by implication indicate his opinion upon the facts or as to the weight of the evidence." *Id.* (emphasis added) (footnote omitted). The court then noted that "[t]he prior conviction was a material element of the" misdemeanor DUI charge and remanded for a new trial without the judge's impermissible comments. *Id.* at 286.

¶ 18 *Harris* is distinguishable from this case for several reasons. First, *Harris* was decided under the Utah Constitution and not under the United States Constitution. *See generally Wood v. University of Utah Med. Ctr.*, 2002 UT 134, ¶ 29, 67 P.3d 436 ("We note that our state constitution may, under some circumstances, provide greater protections for our citizens than are required under the federal constitution.").[8] Second, *Harris* was a correct statement of the law as it existed at that time. The Utah Supreme Court decided *Harris* forty-five years before the United States Supreme Court articulated the difference between elements and enhancements, carving out an exception to the Sixth Amendment for recidivism *enhancements*. *See Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (ruling prior convictions need not be submitted to jury when used as sentence enhancements).[9] Third,

the statute considered in *Harris* has been amended more than forty times between 1953 and 2004. *See* Utah Code Ann. § 41-6–44 History notes. Those amendments include the key language at issue in this case. *See* Amendments to Operating Under the Influence, ch. 205, sec. 1, § 41–6–44(2)(a)(iv)–(v), 2004 Utah Laws 785, 786 (imposing additional limits on individuals with prior convictions); Driving Under the Influence Penalty Amendments, ch. 64, sec. 1, § 41–6–44(6)(a), 2001 Utah Laws 246, 247 (amending subsection (6)(a) to read: "A conviction for a violation of subsection (2) is a third degree felony if...."); Revisions to Driving Under the Influence, ch. 289, sec. 1, § 41–6–44(6)(a), 2001 Utah Laws 1349, 1350 (same, but extending the relevant time period). Further, these amendments came *after* the United States Supreme Court opinions distinguishing between elements and enhancements, *see, e.g., Almendarez–Torres*, 523 U.S. at 229–35, 118 S.Ct. 1219, and presumably were made with knowledge of that authority, *see Conroy v. Aniskoff*, 507 U.S. 511, 516, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993) (assuming Congress was familiar with prior judicial opinions); *McCarthy v. Bronson*, 500 U.S. 136, 140, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) ("We certainly presume that ... when Congress selected this language, our elected representatives were familiar with our recently announced opinions...."); *Olseth v. Larson*, 2007 UT 29, ¶ 39, 158 P.3d 532 ("We presume the Legislature is aware of our case law...."). If the Utah Legislature intended to preserve a right to jury trial for recidivism enhancements under subsections (2)(a)(i) to (iii), it need only to have moved that subject into the definition of the crime itself, as it did for subsections (2)(a)(iv) and (v).

■ ¶ 19 Moreover, recent decisions from our appellate courts have routinely referred

---

8. Palmer has neither cited the Utah Constitution nor argued a broader protection here.

9. The Supreme Court not only carved out the exception for recidivism, but also suggested that recidivism will generally be treated as a sentence enhancement. *See Almendarez–Torres v. United States*, 523 U.S. 224, 230, 234–35, 243–44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ("[T]o hold that the Constitution requires that recidivism be

deemed an element of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to the punishment only." (alteration and internal quotation marks omitted)); *Apprendi v. New Jersey*, 530 U.S. 466, 488, 496, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("[R]ecidivism does not relate to the commission of the offense." (internal quotation marks omitted)).

to subsection 6(a) as an "enhancement provision." [10] *See, e.g., State v. Garcia,* 696 P.2d 1209, 1209 (Utah 1985) (mem.) (per curiam) ("Defendant was *convicted . . . of [DUI].* She was *sentenced . . . under the enhancement provisions* of U.C.A., 1953, § 41–6–44(d)." (emphasis added)); *State v. Wareham,* 2006 UT App 327, ¶ 23, 143 P.3d 302 ("[W]e reverse only the *enhancement* of [the defendant's] DUI offense, and *not the underlying DUI conviction itself . . . .*" (emphasis added)), *cert. dismissed,* No. 20060817, 186 P.3d 347, 2007 Utah Lexis 234 (July 25, 2007); *State v. Marshall,* 2003 UT App 381, 81 P.3d 775 (repeatedly referring to defendant's felony DUI conviction as an enhancement or enhanced penalty obtained under the "enhancement provision"); *State v. Soto,* 2006 UT App 122U, para. 4, 2006 WL 729485 (mem.) (per curiam) ("[S]ection 41–6–44(6)(a), by its clear terms, permits *enhancement* based on a [prior] DUI . . . ." (emphasis added)); *State v. Norton,* 2003 UT App 431U, para. 4, 2003 WL 22922379 (mem.) (per curiam) ("[T]he DUI statute unambiguously *enhances* a third conviction to a third degree felony . . . ." (emphasis added)); *State v. Hawley,* 2001 UT App 284U, para. 5, 2001 WL 1175153 (mem.) ("[T]he *DUI conviction* was properly *enhanced* to a third degree felony." (emphasis added)).[11] Unlike other enhancement factors, *see, e.g.,* Utah Code Ann. § 41–6–44(3)(a)(ii)(A)–(C) (Supp.2004),

there is no federal constitutional right to a jury trial for "recidivist enhancements." [12]

¶ 20 Finally, we reject the dissent's argument that subsection 6(a) should not be read as a sentence enhancement because the increase from a class B misdemeanor to a third degree felony is dramatic and subjects the defendant to "serious collateral effects." *See infra* ¶ 31. While we agree that there are significant collateral consequences to the elevation of a charge from misdemeanor to felony, we do not agree that these consequences invalidate the holdings of *Apprendi* and *Almendarez–Torres.* Indeed, virtually all of the other jurisdictions that have addressed this issue have rejected that proposition. *See, e.g., Talley v. State,* No. 172, 2003 WL 23104202, at *2, 2003 Del. Lexis 643, at *5 (Dec. 29, 2003) (rejecting argument that prior DUI convictions were elements because they increased sentence from a misdemeanor to a felony); *People v. Braman,* 327 Ill.App.3d 1091, 262 Ill.Dec. 363, 765 N.E.2d 500, 502–04 (2002) (affirming trial court's enhancement of DUI conviction from misdemeanor to felony even though defendant's prior convictions were not submitted to the jury); *State v. Kendall,* 274 Kan. 1003, 58 P.3d 660, 667–68 (2002) (rejecting argument that defendant's "two prior DUI convictions must be proven to a jury beyond a reasonable doubt before that fact can be used to change the classifica-

---

10. Palmer's own arguments appear to recognize subsection 6(a)'s role as an enhancement provision. Palmer's argument to the trial court was that "his right to have the jury . . . consider the *enhancement*" was improperly waived. Likewise, Palmer identified the issue on appeal as, "Whether the trial court violated Palmer's constitutional right to have a jury consider his prior DUI convictions *for enhancement purposes . . . .*" (Emphasis added.)

11. The dissent argues *Harris* "has not been altered, distinguished, or reversed," *see infra* ¶ 28, and that "no other case has contradicted" its holding that "prior convictions are to be treated as an element," *see infra* ¶ 30. However, these cases state that subsection (6)(a) is an *enhancement* provision. The explicit language of these rulings, in light of the post-*Harris* precedent of the United States Supreme Court clearly distinguishing between elements and enhancements, convinces us that *Harris* has at least been put into question. *See, e.g. Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Almendarez–Torres v. United States,* 523 U.S. 224, 229–35, 118 S.Ct. 1219, 140

L.Ed.2d 350 (1998). Moreover, in the more than fifty years since *Harris* was decided, neither Utah appellate court has relied on *Harris* for the proposition the dissent suggests.

12. Regardless of whether the factors contained in section 41–6–44(3)(a)(ii)(A)–(C) are deemed elements, as argued by the dissent, or enhancements that increase the maximum penalty, as we hold, these factors must be submitted to the jury and proved beyond a reasonable doubt. *See Apprendi,* 530 U.S. at 476, 120 S.Ct. 2348. In contrast, recidivist enhancements stand on a unique legal footing that allows the trial judge to determine if the defendant is a repeat offender. Consequently, the designation of a factor as an enhancement or an element will determine whether that fact must be proved to obtain a conviction, or merely to enhance the punishment after conviction. Designation as an enhancement will not, however, definitively answer the question of whether the jury must decide whether that fact has been proved.

tion of [the defendant's] crime from a misdemeanor to a felony"); *State v. Pike*, 162 S.W.3d 464, 470 (Mo.2005) (holding DUI enhancement from a misdemeanor to a felony based on a prior conviction did not constitute a new offense); *State v. LeBaron*, 148 N.H. 226, 808 A.2d 541, 543–45 (2002) (holding prior convictions "need not have been ... proved to the jury beyond a reasonable doubt" even though they increased defendant's sentence from a misdemeanor to a felony). *But see United States v. Rodriguez–Gonzales*, 358 F.3d 1156, 1160 (9th Cir.2004) ("The existence of a prior conviction ... substantively transforms a second conviction under the statute from a misdemeanor to a felony. A prior conviction is therefore more than a sentencing factor....").[13]

¶ 21 In addition, the dissent's argument ignores the "serious collateral effects" of confinement in prison. In *Almendarez–Torres v. United States*, the Supreme Court ruled that a sentence enhancement which increased a defendant's potential term of confinement in prison from two years to twenty years based solely upon the defendant's prior convictions need not be submitted to the jury. *See* 523 U.S. at 226–27, 118 S.Ct. 1219. *Almendarez–Torres* was reaffirmed in *Apprendi* and other courts have applied these cases to instances where a defendant's term of confinement was enhanced to a sentence of life in prison. *See, e.g., United States v. Ceballos*, 302 F.3d 679, 696 (7th Cir.2002);

*United States v. Boone*, 279 F.3d 163, 186 n. 16 (3d Cir.2002); *United States v. Phipps*, 259 F.3d 961, 962–63 (8th Cir.2001). *See generally Almendarez–Torres*, 523 U.S. at 229–35, 118 S.Ct. 1219 (holding the "magnitude of the increase in the maximum authorized sentence" "prove[d] little" (emphasis omitted)). Thus, while the dissent correctly notes that enhancing a defendant's sentence to a felony means the defendant may "incur serious collateral effects such as employment and deportation ... as well as loss of voting and gun possession privileges," *see infra* ¶ 31, we find these "serious collateral effects" pale in comparison to the complete loss of freedom—sometimes for life—approved by the Supreme Court and applied by other jurisdictions. For example, in addition to his confinement for twenty rather than two years, the defendant in *Almendarez–Torres* could not vote, possess a gun, or obtain gainful employment during the eighteen extra years he was incarcerated. Accordingly, although we acknowledge the very real consequences of elevating a charge from a misdemeanor to a felony, we are unpersuaded that the consequences are greater than those present in *Almendarez–Torres*.[14]

¶ 22 Because subsection (6)(a) is a sentence enhancement based on recidivism and not an element of the crime charged, Palmer did not have a constitutional right to have his prior convictions decided by a jury.[15] *See Appren-*

---

**13.** The validity of *Rodriguez–Gonzales* is in question. The Ninth Circuit, sitting en banc, considered and rejected a similar argument in 2002. *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1208–11 (9th Cir.2002) (en banc), *overruled in part by United States v. Rodriquez*, —— U.S. ——, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008) (holding that "maximum penalty prescribed by law" as used in federal Armed Career Criminal Act includes any time added under recidivist enhancements). Notably, the en banc majority did so over the dissent's objection that "[r]aising the level of crime from a misdemeanor to a felony adds such grave consequences for the individual charged with a crime that it seems wholly inconceivable that the element which causes this escalation can be deemed merely a sentencing factor." *Id.* at 1218–19 (Kozinski, J., dissenting). Moreover, since the decision in *Rodriguez–Gonzales*, the Ninth Circuit has held that the increase of a defendant's sentence from twenty years in prison to "a mandatory minimum sentence of life imprisonment based on [the

trial court's] finding that [defendant] had two prior" convictions was a sentencing factor which did not need to be submitted to the jury. *United States v. McCaney*, 177 Fed.Appx. 704, 709–10 (9th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 831, 166 L.Ed.2d 668 (2006).

**14.** Under the dissent's argument, the State would be incapable of "enhancing" numerous crimes, as opposed to charging them as new crimes with separate "elements," regardless of the number of defendant's prior convictions. Under Utah law, even the most severe misdemeanor is punishable by imprisonment "for a term not exceeding one year." Utah Code Ann. § 76–3–204 (2003). Thus, anytime the legislature determines the punishment for a repeat offender should extend incarceration beyond one year, it must do so by changing the level of the offense to a felony.

**15.** Proof of Palmer's previous convictions was submitted by exhibit to the trial court and included in the record on appeal.

*di v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Almendarez–Torres,* 523 U.S. at 229–35, 118 S.Ct. 1219; *Jones v. United States,* 526 U.S. 227, 249, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Accordingly, we affirm the trial court's ruling on these grounds. *See State v. Tueller,* 2001 UT App 317, ¶ 23, 37 P.3d 1180 ("It is a well-established rule that we may affirm a judgment of the trial court on grounds other than those used as the basis for its decision.").[16]

## CONCLUSION

¶ 23 We conclude that subsection (6)(a) is a penalty provision that simply increases the sentence for a recidivist. Because the Sixth Amendment does not require recidivism to be submitted to the jury when used merely as a sentence enhancement, we affirm Palmer's felony sentence for driving under the influence.

¶ 24 Affirmed.

¶ 25 I CONCUR: GREGORY K. ORME, Judge.

THORNE, Judge (dissenting):

¶ 26 I respectfully dissent from the majority opinion in this case, which concludes that the legislature intended Utah Code section 41–6–44(6)(a) to constitute a sentence enhancement used to increase punishment for a recidivist rather than a separate DUI offense element. *See* Utah Code Ann. § 41–6–44(6)(a) (Supp.2004). In particular, I disagree with the majority's treatment of *State v. Harris,* 1 Utah 2d 182, 264 P.2d 284 (1953), and with the majority's statutory interpretation of section 41–6–44.

¶ 27 Both the pertinent case law ruling in *Harris* that a prior conviction is a material element for which the jury must determine proof beyond a reasonable doubt, and the text of the statute—which does not unambiguously provide that prior convictions are to be used merely as a sentencing enhancement,

support the conclusion that subsection (6)(a)—is a separate offense that includes the violation described in subsection (2)(a) and adds the additional element of "a third or subsequent conviction under this section within ten years of two or more prior convictions." Utah Code Ann. § 41–6–44(6)(a).

¶ 28 To begin, I disagree with the majority's disregard of *Harris.* The majority attempts to distinguish *Harris* from this case by stating first that it is not applicable because it was decided under Utah's Constitution, which Palmer has not cited. Nonetheless, *Harris* is binding law that is directly on point. In *Harris,* the supreme court interpreted and applied a similar version of the relevant statute. The majority fails to acknowledge that although *Harris* was decided forty-five years ago, it has not been altered, distinguished, or reversed since the Utah Supreme Court decided it.

¶ 29 Second, the majority dismisses *Harris* because the case was decided before the United States Supreme Court decided *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and because section 41–6–44 has been amended more than forty times since *Harris* was decided. However, *Almendarez–Torres* provides little guidance as to whether the Utah State Legislature intended subsection 41–6–44(6)(a) to be a separate element of the offense or just a penalty enhancement. In *Almendarez–Torres,* the Supreme Court merely held that Congress intended to set forth a sentencing factor in United States Code subsection 1326(b)(2). *See* 8 U.S.C. 1326(b)(2) (1988). Thus, it makes no difference that *Harris* was decided prior to *Almendarez–Torres.*

¶ 30 Although the majority is correct in pointing out that Utah Code section 41–6–44 has been amended over forty times since *Harris,* the language and structure of the code is substantially the same. *See* Utah

---

16. Even if we agreed with the dissent that Palmer has a constitutional right to have his prior convictions submitted to the jury, any violation of that right may very well be subject to harmless—error analysis—an issue we need not address today. *See Neder v. United States,* 527 U.S. 1, 9–13, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (ap-

plying harmless error analysis, rather than structural error, where jury was not instructed on one element of the offense); *Washington v. Recuenco,* 548 U.S. 212, 126 S.Ct. 2546, 2551–53, 165 L.Ed.2d 466 (2006) ("Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.").

Code Ann. § 41–6–44 (1953); *see id.* § 41–6–44 (Supp.2004). Both versions of the statute set forth the initial elements of a DUI crime and then provide additional elements in later subsections. *See id.* § 41–6–44(d) (1953) ("Every person who is *convicted of a violation of this section* shall be punished upon a first conviction by ..., a second or subsequent conviction, ... shall be punished by ...." (emphasis added)); *id.* § 41–6–44(6)(a) (2004) ("A conviction for a violation of [s]ubsection (2) is a third degree felony if it is: (i) a third or subsequent *conviction under this section* within ten years ...." (emphasis added)). Additionally, it is of no real consequence that the majority suggests that recent decisions have referred to subsection (6)(a) as an enhancement provision. Instead, it is key that *Harris* provides that prior convictions are to be treated as an element and no other case has contradicted that holding.

¶ 31 Moreover, the plain language and structure of the statute supports the *Harris* ruling that a prior conviction is a material element for which the jury must determine proof beyond a reasonable doubt. First, I disagree with the majority's focus on the fact that recidivism is the relevant subject matter of the statute, which the majority considers to be merely a typical factor to be considered at sentencing. *See supra* ¶ 12; *see also Almendarez–Torres*, 523 U.S. at 230, 118 S.Ct. 1219. Although recidivism may be used as a sentencing factor, this categorization alone does not make clear the meaning of the statute. Rather, the issue before us is whether the legislature intended prior convictions under subsection (6)(b), that not only increases punishment but alters the degree of the charge, to be treated as a sentence enhancement or an element of the offense. A statute that allows a defendant to be charged and convicted without a jury trial on elements which change the charge from a class B misdemeanor to a third degree felony is disconcerting and reaches beyond mere punishment enhancement to subject a defendant convicted of such a felony to potentially incur serious collateral effects such as em-

ployment and deportation issues as well as loss of voting and gun possession privileges.[1]

¶ 32 I am not persuaded by the majority's reading of the plain language. The majority considers the plain language of subsections (6)(a) and (2) in conjunction with one another and determines that because subsection (6)(a) does not prohibit any particular activity or provide additional elements to those already articulated in subsection (2), that the language in subsection (6)(a), "[a] conviction for a violation of [s]ubsection (2)," is an express prerequisite to application of subsection (6)(a), making subsection (6)(a) a sentencing enhancement only.

¶ 33 Rather, I read subsection (6)(a) as providing an additional element to those contained in subsection (2). Subsection (6)(a) makes it clear that before a defendant may be charged and convicted of a third degree felony DUI an additional element must be established, i.e., "a third or subsequent conviction ... within ten years of two or more prior convictions." Utah Code Ann. § 41–6–44(6)(a) (2004). As such, Palmer should not be convicted of third degree DUI without proof beyond a reasonable doubt that he had a third DUI conviction within ten years. Moreover, a prior conviction ought to be considered as an element because it is the only difference between a class B misdemeanor and third degree felony DUI. Without such a reading, the two charges would merge and a defendant who met all of the elements for a class B misdemeanor could be charged and convicted for a third degree felony with the presence or absence of a prior conviction considered only at sentencing.

¶ 34 Finally, the structure of the statute supports the *Harris* ruling and the plain language reading of the statute articulated above. The majority also considers the structure of the statute and notes that several DUI crimes described in subsection (2) include within that section the element of prior convictions. While the majority would conclude that because we assume that the legislature's decision to include prior convictions within subsection (2)(a)(iv) and (v), and not within subsection (2)(a)(iii)—the section

---

1. Under federal law, a convicted felon may not possess a gun. *See* 18 U.S.C. § 922 (2000).

Palmer is being charged with—the difference was deliberate, and the prior conviction articulated in subsection (6)(a) is merely a sentencing enhancement. The majority concludes that had the legislature wanted to include prior conviction as an element to the violation articulated in (2)(a)(iii) it would have done so within that subsection and not in a later subsection. However, a closer look at the structure of the statute reveals evidence that the legislature intended prior convictions under subsection (6)(a) to be treated as an element of the crime of third degree felony DUI.

¶ 35 The statute contains several sections which provide additional elements in a structure similar to subsection (6)(a). *See id.* § 41–6–44(3)(a)(ii)(A)–(C), (3)(b). For instance, subsection (3)(a)(ii)(B) incorporates the additional element of "ha[ving] a passenger under 16 years of age in the vehicle at the time of the offense" into the violation articulated in subsection (2). *Id.* § 41–6–44(3)(a)(ii)(B). Subsection (3)(a)(ii)(B), which requires proof of "a passenger under 16 years of age in the vehicle at the time of the offense" has been treated as an element regardless of its appearance in a subsection other than (2). *Id.* This court held that

> [b]ased upon the plain language of [section 41–6–44,] .... [t]o convict a defendant of violating the part of the section 41–6–44 under which [the defendant] was charged, the [s]tate is required to prove that the defendant had a "blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control" of the vehicle and that the defendant "had a passenger under 16 years of age in the vehicle at the time of the offense."

*State v. Hernandez,* 2003 UT App 276, ¶ 12, 76 P.3d 198 (citation omitted). Thus, by holding that prior convictions under subsection (6)(a) are not considered additional ele-

ments because they do not appear in subsection (2), *see* Utah Code Ann. § 41–6–44(2)(a)(iv)–(v), contradicts case law. Moreover, the application of said reasoning would effectively make the additional elements listed throughout the statute sentencing factors. *See id.* § 41–6–44(3)(a)(iii)(A)–(C). The discord between the statute's construction incorporating prior convictions under subsection (2) for some DUI charges and providing additional elements elsewhere in the statute for other DUI charges may be due to the fact that subsections (2)(a)(iv) and (v) were not original to the statute and were added in 2004. *See* Utah Code Ann. § 41–6–44 (Supp. 2004) (amendment notes). Based on the structure of the code as analyzed above it is my belief that the legislature intended subsection (6)(a)'s prior conviction language to be treated as an additional element and not a sentencing enhancement.[2]

¶ 36 Accordingly, I respectfully dissent from the majority opinion.

---

2. The majority asserts that this reading of the statute would make the State "incapable of 'enhancing' numerous crimes regardless of the number of defendant's prior convictions" and would require the legislature to change the level of offense to a felony anytime it determines the punishment for a repeat offender should extend incarceration beyond one year. *Supra* ¶ 21 n.

14. This is not my position, nor would it be the result of treating prior convictions as an element of a DUI offense. Instead, the result of treating prior convictions as an element would be to avoid perfunctorily enhancing numerous crimes which may have serious collateral effects and to ensure that any such enhancements would be done thoughtfully and with due process.